## JUDEVINE v. TOWN OF HARDWICK.

*Principal and Agent.    Town Officer.    Gen. Sts. c. 15, ss. 84, 85.*
*Pleading.*

In assumpsit for services and expenditures by plaintiff as an officer of defendant town, plaintiff was allowed to prove and recover certain items that had not been presented to the town auditors agreeably to ss. 84, 85, c. 15, of the Gen. Sts. *Held*, that the omission to present them to the auditors was no bar to their recovery, and that upon the record, it was to be presumed that the proof of them was legal in its character and satisfactory in its measure.

It appeared under a plea in set-off in the general counts, that in 1868, while plaintiff was law agent of defendant town, G's wife was injured on a highway in said town, and brought suit for damages; that the town claimed, and so notified plaintiff, that the injury was occasioned by an obstruction placed in the highway by plaintiff or his servants, and that he would be held liable to the town in the event of a recovery by G.; that afterwards, while plaintiff was such agent, he purchased of G. a half interest in his claim against the town; that plaintiff went out of office in March, 1869, and on April 26, procured G's written consent to a settlement of said claim for $300, and on April 29, entered into an agreement with the selectmen, by which they agreed to pay him $600, and discharge him from all liability to the town for G's claim, if he would procure the town a full discharge from G.; that on April 30, he procured such discharge, and paid therefor only $300, and that thereupon

the town paid him $600 as agreed; that plaintiff did not inform the selectmen that he had obtained the consent of G. to a settlement for $300, nor that he had purchased an interest in said claim; and that the town did not know either of those facts until 1871, and never offered to rescind said contract of settlement. *Held*, that the town's long acquiescence after the facts became known, was a ratification of the contract of settlement, and precluded a recovery of the consideration paid for the discharge from G.; but that, as an agent should not be permitted to make private gain with funds nor in matters of business intrusted to his care, defendant might adopt plaintiff's contract of purchase of an interest in G's claim, and recover, under its plea, whatever plaintiff had left of the $600 after reimbursing him for his actual trouble and expense.

GENERAL ASSUMPSIT for services and expenditures by the plaintiff as an officer of defendant town in different capacities. Pleas, the general issue, and set-off in the general counts. Trial by jury, June Term, 1876, Caledonia County, Ross, J., presiding.

Among the plaintiff's charges were certain items for services and expenditures by him while he was law agent and selectman of defendant town that had not been presented to the town auditors; and for that reason, and as there had been no vote of the town to pay them, defendant objected to their proof, and recovery; but the court overruled the objection, and allowed the plaintiff to prove and recover them; to which the defendant excepted. It appeared in evidence under the plea in set-off, that shortly after going out of office as agent, the plaintiff, having previously entered into an agreement in that behalf with the defendant's selectmen, settled a claim upon which suit had been brought against the defendant by one Joseph Gilcrease, which was then pending, in which claim he had before then, and while he was such agent, purchased a half interest; that the selectmen paid him therefor $600, pursuant to their agreement, but that in making said settlement the plaintiff paid Gilcrease $300 only. The facts in regard to these transactions are fully stated in the opinion.

One of the defendant's counsel insisted that the defendant should recover under that plea, $300, the excess of the $600 paid by the selectmen over the sum paid by the plaintiff to Gilcrease in settlement of said suit; but the court declined so to rule; to which the defendant excepted. The defendant's other counsel claimed that the defendant might adopt the plaintiff's contract with Gilcrease by which he purchased the half interest in Gilcrease's

claim, and recover any profits the plaintiff had, or by the use of ordinary prudence might have, made out of the transaction. The court submitted it to the jury to find whether the plaintiff had or could have made any profit out of his contract with Gilcrease; and the jury found that if the defendant was entitled to adopt the plaintiff's contract of purchase, the plaintiff had in his hands, or ought, by the exercise of ordinary care and prudence, to have the sum of $100, received from the defendant in the settlement of the said claim. Verdict for the plaintiff, and judgment thereon excluding that sum; to which defendant excepted.

*Belden & Ide* (*L. D. Hathaway* with them), for the defendant, cited Gen. Sts. c. 15, ss. 24, 84, 85; *Boyden v. Brookline*, 8 Vt. 284; Story Agency 233 *et seq.; Fairman v. Bovin*, 29 Ill. 75; *Thompson v. Havelock*, 1 Campb. 527; *Prevost v. Gratz*, 1 Pet. C. C. 368; *Gillenwaters v. Miller et als.* 49 Miss. 150; *Massey v. Davies*, 2 Ves. 320; *East India Co. v. Henchman*, 1 Ib. 289; *Beaumont v. Boultbee*, 7 Ves. 599; *Bouvier v. McLane*, 1 Hoff. 421; *Dutton v. Wilbur*, 52 N. Y. 313; *Buckman v. Bergholz*, 37 N. J. 441; *Davis v. Smith*, 43 Vt. 269; *Harrington v. Wells*, 12 Vt. 506; *Tillotson v. McCrillis*, 11 Vt. 477; *Hemenway v. Hemenway*, 5 Pick. 389; 1 Am. Lead. Cas. 851; *Moore v. Mondlebourn*, 8 Mich. 433; *Greene & Co. v. Haskell et als.* 5 R. I. 447; *Yates et al. v. Ardin*, 5 Cranch, C. C. 527; *Lupton v. White*, 15 Ves. 436; *Wren v. Kirton*, 11 Ib. 378; *Jones v. Hoyt*, 25 Conn. 374; *Turner v. Robinsons*, 6 C. & P. 16, n. a; *White v. Lincoln*, 8 Ves. 370; *Somers v. Richards*, 46 Vt. 170; *Twitchell v. Bridge*, 42 Vt. 68; *Shaw v. Beebe*, 35 Vt. 205; *Howard v. Gould*, 28 Vt. 523; *Hubbard v. Fisher*, 25 Vt. 539; *Keyes v. Western Vt. Slate Co.* 34 Vt. 81; *Andrews, admr. v. Moretown*, 45 Vt. 1; *Wemmet v. Missisquoi Lime Co.* 46 Vt. 458; *Clark v. Taber*, 28 Vt 222; *Sortwell v. Hunton*, 28 Vt. 370; *Davis v. Smith*, 43 Vt. 269; *Wheeler v. Willard*, 44 Vt. 640; *Mallory v. Leach*, 35 Vt. 156; *Admr. of Smith v. Smith*, 30 Vt. 139; *Kelly v. Pember*, 35 Vt. 183; *McCrillis v. Carlton*, 37 Vt. 139; *Hammond v. Buckmaster*, 22 Vt. 375; *Brown v. Fair Haven and West Haven*, 47 Vt. 386; *Hogle v. Clark*, 46 Vt. 418.

*Dickey & Blodgett*, for the plaintiff, cited Gen. Sts. c. 15, ss. 84, 85 ; *Downer* v. *Smith*, 32 Vt. 1 ; *Hoadley* v. *House*, 32 Vt. 179 ; *Harrington* v. *Lee*, 33 Vt. 249 ; *Mallory* v. *Leach*, 35 Vt. 156 ; *Powell* v. *Woodworth*, 46 Vt. 378 ; *Clay* v. *Wright*, 44 Vt. 538 ; *Cabot* v. *Britt*, 36 Vt. 349 ; *Burton* v. *Inhabitants of Norwich*, 34 Vt. 345 ; *Davis* v. *Smith*, 43 Vt. 269 ; 2 Kent. Com. 616.

The opinion of the court was delivered by

REDFIELD, J. This action is general assumpsit to recover for services and expenditures as an officer in different capacities, of the defendant town. Pleas, the general issue, and set-off in the general counts.

Certain of the items had not been presented to the town auditors, and for this reason the defendant insisted there could' be no recovery, as there had been no vote of the town to pay such items. The court overruled the objection and allowed the plaintiff to prove and recover for such items.

The duty is cast upon auditors by ss. 84, 85, c. 15 of the Gen. Sts., to examine and adjust the accounts of the treasurer and all other town officers previous to the annual meeting in each year. But there are no words making it a duty of the claimant to present his claim, nor a condition *precedent* to his right to recover. And we do not think that the omission to present his account to the auditors bars the plaintiff's right of recovery, if his claim was otherwise well founded and just. The 85th section forbids the allowance of any claim of any town officer for personal services, " except when compensation for such services is fixed by law, or by vote of the town." The court allowed the plaintiff to proceed and *prove* the several items of his claim, and to this the defendant excepted. The nature and extent of the *proof* was satisfactory to the jury, and to this no exception was taken. For aught that appears, the town may have, many years before, fixed by vote the per diem stipend of officers of the town in its service, or there may have been a practice and usage of so long standing, and so uniform, as to bind the town to pay the accustomed compensation to its officers, until some notice to the contrary had been

given. Upon the record, we are to presume that the proof was legal in its character, and satisfactory in its measure.

While plaintiff was town agent for prosecuting and defending suits in 1868, the wife of Joseph Gilcrease was injured while travelling on the highway in the defendant town, and sued the said town for damages occasioned thereby. The town claimed, and so notified the plaintiff, that said injury was occasioned by obstructions placed in the highway by the plaintiff or his servants, and that if recovery was had against the town in said suit, the plaintiff was liable to reimburse the town.

While plaintiff was such agent, he purchased of Gilcrease one half interest in said claim against the defendant town. Gilcrease brought his suit against the defendant to recover said damages, at the December Term of Lamoille County Court, 1868, and the same was continued to the May Term, 1869. Plaintiff's term of office expired in March, 1869, and another was elected in his place. On the 26th of April, 1869, the plaintiff procured the written consent of Gilcrease to settle and discharge said suit for $300 ; and on the 29th of the same April, plaintiff negotiated a written agreement with the selectmen of the town, to pay him $600, and discharge him from all liability to the town for the claim of Gilcrease, if he would procure within one week a full discharge from Gilcrease of his claim against the town. On the 30th of April, the plaintiff procured a written discharge from Gilcrease of his claim and suit against the town, and paid him therefor $300, and no more. The town subsequently paid the plaintiff said $600.

The plaintiff did not communicate to the agents of the town who made said contract, the fact that he had the written agreement of Gilcrease to settle his claim against the town for $300 ; nor that he had, while town agent, purchased one half of Gilcrease's claim against the town. The jury have found by special verdict, that if the defendant has the right to adopt the plaintiff's purchase of one half of Gilcrease's claim against the town, the plaintiff has, or ought by the exercise of ordinary care and diligence to have, in his hands, $100, received from defendant in the settlement of said Gilcrease's suit.

I. One of the defendant's counsel insisted that defendant should recover on the plea in offset $300, the excess of the $600 above the sum paid Gilcrease by the plaintiff in settlement of his interest in the claim against the town ; which the court overruled.

The defendant did not become aware of the plaintiff's relation to Gilcrease, and of his interest in said suit and claim against said town, until the spring of 1871. The town has never attempted to rescind the settlement and release of said claim, nor given notice to the plaintiff that it relinquished all advantage gained thereby. And for aught that appears, the town now insists upon the conclusiveness of said release.

If it were conceded that the town might have recovered damages, and in an action of general assumpsit, for the fraud of the plaintiff which induced that settlement, we think the long acquiescence of the town after the facts became known, without notice or complaint, should be held as an adoption and ratification of the contract, and preclude a recovery of the consideration, or any part of it, paid for such discharge.

II. The jury have found that if the defendant has the right to adopt and have the benefit of the purchase by the plaintiff of one half the claim of Gilcrease against the town, then the plaintiff has in his hands, or should have by the use of due care and diligence in the adjustment of such claim against the town, one hundred dollars. This sum was excluded in the judgment below, for which error is assigned.

The plaintiff was the law agent of the town when the injury occurred, and had notice from the town that it claimed that he was liable over to the town in case recovery should be had by Gilcrease. The suit instituted by Gilcrease was continued under the rules of court, and before it could come on for trial in due course, the plaintiff was supplanted by a new town agent. It is not claimed that in what the plaintiff had to do with the management of the suit, the town received any detriment ; and, ordinarily, the plaintiff might do any act to guard his own interest, if without prejudice to the rights and interest of the town. It is not obvious that the purchase by the plaintiff of one half interest

in the claim of Gilcrease, did work any actual detriment to the town. But we do not understand that the rule of law invoked in this case, is founded in the principle of redresses for *actual* wrong and injury ; it is founded rather in that *public policy* and public interest that would insure fidelity in all fiduciary relations. And courts will not permit the agent to make private or personal gain with funds or matters of business entrusted to his care. Whatever he does in the matter of his agency, he does for his principal ; and whatever gain he may make to himself, the court will force upon his conscience a trust, however anxious he may be to repel it, and require him to account, if the principal so elects. The plaintiff, by the purchase of one half of Gilcrease's claim against the town, obtained the power and right to discharge the claim to that extent ; and this, while he was the agent of the town, and charged with the special duty to defend and protect the town against that claim. And although the contract of purchase, as between plaintiff and Gilcrease, was lawful and right, and such as plaintiff might lawfully make, to protect his own interests, yet his principal, the town, has the right to adopt and take the benefit of his contract of purchase. And as the plaintiff withheld from the officers of the town, knowledge that he purchased one half of this claim while the agent of the town to defend against it, and the town paid him $600 to settle the whole claim, in entire ignorance of that fact, we think the plaintiff holds the excess of the $300, after reimbursing him for actual trouble and expense in purchasing one half of said claim to the use of the town. And we see no good reason why it may not be recovered upon the *general counts* in defendant's plea in offset.

The result is, that the judgment of the County Court is reversed, and judgment for the plaintiff for the sum found due by that court, less the $100 found due defendant by the special verdict of the jury.