## THE JAMES T. HAIR COMPANY

### *v.*

## CHARLES T. DAILY.

*Filed at Ottawa May 12, 1896.*

1. EQUITY—*has jurisdiction in all matters of account and discovery.* Where there are mutual accounts to be adjusted, or where there are accounts on one side only, and a material discovery is sought, and particularly where the accounts to be adjusted are complicated and intricate, a court of equity has jurisdiction.

2. PRACTICE—*in chancery—unsworn answer may be excepted to.* The rule of the common law that exceptions cannot be taken to an unsworn answer in chancery is changed by the act to regulate the practice in courts of chancery, (Rev. Stat. 1874, p. 201, secs. 23, 24,) and is no longer the law in this State. (*Brown* v. *Mortgage Co.* 110 Ill. 235, *Mix* v. *People,* 116 id. 265, and *Goodwin* v. *Bishop,* 145 id. 421, explained.)

3. Under the statute exceptions may be filed to an answer in chancery, whether sworn to or not.

4. SAME—*waiving oath to answer in chancery.* A bill of discovery may, under the statute, (Rev. Stat. 1874, sec. 20, p. 201,) waive an answer under oath where relief other than the discovery is asked, but not where discovery only is sought.

5. WITNESSES—*plaintiff may call defendant as a witness.* Under a mixed bill for discovery and other relief waiving oath to the answer, the plaintiff may have the defendant sworn and examined as a witness.

6. PRINCIPAL AND AGENT—*agent cannot retain profits against principal.* One occupying a fiduciary relation cannot retain a profit or advantage obtained in the course of the business, to the prejudice of his principal.

7. SAME—*principal entitled to all profits of business as against agent.* Profits obtained by an agent in the course of the business, while acting in conflict with the directions of his principal or of his undertaking, inure to the benefit of the principal.

*James T. Hair Co.* v. *Daily,* 58 Ill. App. 647, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. S. TUTHILL, Judge, presiding.

Appellant, a corporation organized under the laws of the State of Illinois, with its principal office in the city of Chicago, has, since November, 1893, been engaged in the business of manufacturing hotel registers, and soliciting and publishing therein advertisements and business cards in various towns and cities in the United States and Canada. It also solicits and makes contracts for advertisements and cards of manufacturers, professional men and firms and corporations to be published in such hotel registers. The appellant corporation entered upon this business as the successor to James T. Hair, who had for about twenty years prior to November, 1893, been engaged in the business, conducting the same in his own name. Appellant and its said predecessor in the business to which it succeeded, had, it is averred, established a creditable reputation for honesty and fair dealing in the business in which they were successively engaged.

With this averment of certain rights, character and reputation, appellant filed its bill in the circuit court of Cook county, representing that about the month of June, 1883, appellee was employed by appellant under a verbal contract, under which he promised to devote all his time and services to appellant in negotiating and soliciting contracts from advertising firms and with hotels for the

use of such registers, which contract by appellee was for a period of four months; that during this time appellee became familiar with the methods of the business of appellant, and obtained a knowledge of its advantages and value; that afterwards, on the 8th day of November, 1883, another contract was entered into for two years between appellee and appellant, by which the former agreed and contracted that he would not be engaged, directly or indirectly, in any other business, nor in the employment of any other person, firm or corporation, unless agreed to in writing by appellant, and covenanted to render services for which a valuable consideration was to be paid to him by appellant; that on May 30, 1885, the appellant corporation entered into a written contract with appellee, by which appellee undertook a further employment of two years, under which he was to procure contracts for registers, stationery, blank books, etc., and solicit and procure from manufacturing, mercantile, professional or other firms, corporations or persons, the publication of advertisements in the hotel registers or other advertising media now or hereafter used by appellant; that under this latter contract appellee undertook to devote his entire time and energies to the interest of appellant from the time of that contract, and that he would not do any act or make any arrangement, directly or indirectly, by which the interests of appellant would be damaged or hindered, nor would he engage in other business which would have that result, without the written permission of appellant, and that all the benefits derived should be accounted for to appellant; that it was further provided that if, during the two years, appellee should engage in any other business enterprise, or share in the profits of any other business enterprise, by written or verbal agreement or tacit understanding with any other person or persons, that was to be considered a violation of the terms of the agreement; that afterwards, on October 26, 1887, a further contract was entered into

between the parties hereto for five years then following, by which appellee promised he would not dabble "in any other schemes and attend strictly to the business of" appellant, and that appellee was to receive a valuable income for the services so rendered.

The foregoing contracts are set forth in appellant's bill, and it is further averred that during the time covered by such contracts, and whilst appellee was still in appellant's employ and when it believed he was engaged in the transaction of its business, appellee surreptitiously, and without right or authority, and in violation of his duty under such contract, engaged in other business schemes and enterprises, and took contracts for hotel advertising in direct competition with the business of appellant, by reason of which its business and income were injured and diminished, and on account of the competition thus created its business and income were substantially destroyed; that during the existence of said contracts appellee took hotel advertising contracts for his own benefit, and established trained agents who engaged in soliciting hotel advertising contracts, and that much of the business that was secured in the interest of appellee and others than appellant was secured by false and fraudulent representation that it was for and on behalf of appellant; that a part of the business engaged in by appellee in violation of his express contracts and during their existence, consisted in manufacturing, canvassing and soliciting contracts for the sale to the managers and proprietors of the various hotels in the different cities in the United States of certain advertising cabinets, which were designed and intended to be placed upon the counters in the offices of the hotels, in proximity to the registers for the guests, and in the conducting of said business the Chicago Hotel Cabinet Company was organized by appellee and others, of which appellee was vice-president and a large part of the stock owned by him; that whilst appellee was bound to devote

all his time, energies and ability to the business of appellant, he was engaged, either directly for himself or for the Chicago Hotel Cabinet Company, in conducting the business of the latter, which was in competition with the business of appellant, and was enabled so to do by reason of the peculiar knowledge and information acquired while holding a fiduciary and confidential relation towards appellant, and which knowledge and information thus acquired were made use of in the business of the Chicago Hotel Cabinet Company, and that appellee has derived great revenues and profits from the business of the Chicago Hotel Cabinet Company, which was fostered and built up in contravention of the rights of appellant and of his duty towards it; that on or about November, 1891, appellee, without any reasonable cause, quit the employ of appellant and refused to complete the contract, and engaged in a line and character of business in competition with appellant; that the business transactions extended over a number of years, and included a vast number of transactions with many different persons residing in different States and in different cities and towns throughout the country; that the accounts of these transactions are complicated and voluminous, and are wholly in the possession or control of appellee or others whose names are unknown to appellant, and by reason of the voluminous character of the accounts, and by reason of the fact that the knowledge is in the possession of said appellee or persons unknown to appellant, the bill asks for relief in equity, and prays that an account may be taken of the profits derived by appellee from the various schemes and enterprises in which he was engaged in competition with appellant and while in its employ, and asks that he state the nature and character of the business transacted, the amount of property gained or derived, the name and address of the agents employed and the profits derived or acquired, and that

an account be taken of the amount of such profits, which the bill asks shall be adjudged and decreed to appellant.

To this bill a demurrer was interposed, which was sustained in the circuit court and the bill dismissed, and on appeal to the Appellate Court the decree of the circuit court was affirmed. This further appeal is prosecuted.

BEACH & BEACH, for appellant.

JESSE A. & HENRY R. BALDWIN, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

It is urged that a complete remedy at law exists, and by reason of the oath being waived to the answer there is no jurisdiction for discovery. It is a general rule that in matters of account courts of equity have a general jurisdiction where there are mutual accounts, and also where the accounts are on one side and a discovery is sought and is material to the relief prayed. (1 Story's Eq. Jur. sec. 459.) Where an account is of a complex and intricate character, and where a fiduciary relation exists, a bill for accounting will lie. (*Patten* v. *Patten,* 75 Ill. 446; *Craig* v. *McKinney,* 72 id. 305; *Thornton* v. *Thornton,* 31 Gratt. 212; *Clark* v. *Pierce,* 52 Mich. 157; *McKenzie* v. *Johnston,* 4 Madd. 375.) Under the practice in chancery, at common law exceptions would not lie to an answer not under oath. It was to this rule the court had reference when *Brown* v. *Mortgage Co.* 110 Ill. 235, *Mix* v. *People,* 116 id. 265, and *Goodwin* v. *Bishop,* 145 id. 421, were decided. In none of those cases was the statute referred to or its provisions discussed. A brief discussion of the provisions of the statute is necessary in view of what appears on the face of this record.

A bill for discovery may be resorted to when the complainant has no other proof than that sought to be obtained from the defendant, and where a bill for discovery and other relief is filed a court of equity does not lose jurisdiction by reason of the waiver of the oath to the

bill. Under the legislation of this State, by an act entitled "An act to regulate the practice of courts of chancery," approved March 15, 1872, it is not permissible to waive the oath to the answer in a bill for discovery, only. By section 23 of the act above cited it is provided: "Every defendant shall answer fully all the allegations and interrogatories of the complainant, whether an answer on oath is waived or not, except such as are not required to be answered by reason of exceptions, plea or demurrer thereto allowed." Section 24 provides as follows: "When an answer shall be adjudged insufficient, the defendant shall file a further answer within such time as the court shall direct, and upon failure thereof the bill shall be taken as confessed. If such further answer shall be likewise adjudged insufficient, the defendant shall file a supplemental answer and pay all costs attendant thereon. If that shall be judged insufficient, the defendant may be proceeded against for a contempt, and a like proceeding be had thereon to enforce the order of the court as in other cases of contempt."

Under this legislation the defendant is required to answer all allegations and interrogatories of the complainant, whether the answer on oath is waived or not, and the practice as it formerly existed, by which exceptions to an unsworn answer could not be filed, is no longer the rule in this State by reason of this statute. Exceptions may be filed to an answer whether sworn to or not, and an oath may be waived in a bill for discovery where other relief is asked. Where a bill for discovery, only, is filed and the oath waived, then it is in conflict with the provisions of section 20 of the act cited, and a demurrer thereto would be sustained for that reason, as that section provides, "when a bill, supplementary bill, bill of review, of reviver, or cross-bill, shall be filed in a court of chancery, other than for discovery only, the complainant may waive the necessity of an answer being made on the oath of the defendant." The bill in this

case sets forth the contracts and alleges the nature of the business, and shows the account would be of a most intricate character, and prays a discovery and accounting, and a decree for the profits derived by the defendant's wrongful violation of his contract. And whilst plaintiff may waive the answer under oath, it is not deprived of calling the defendant as a witness, and having him sworn and examined as any other witness.

One occupying a fiduciary relation has not the right to violate his contract and obtain a profit or advantage to the prejudice of his principal, and retain it. The principal is entitled to the full benefit of whatever profit or advantage is derived by the agent in the course of the business of his principal. Profits obtained by an agent while acting in direct conflict with directions or the undertaking of such agent should inure to the benefit of the principal. The agent could not be allowed to reap the fruits of his wrongdoing; and if the profits were made in the course of the business the principal should have the benefit. *Dodd* v. *Wakeman,* 26 N. J. Eq. 484; *Judevine* v. *Town of Hardwick,* 49 Vt. 180; *Glover* v. *Layton,* 145 Ill. 92; *Cottom* v. *Holliday,* 59 id. 176.

If the averments of the bill are true, the defendant used his position of confidence and trust to engage in an enterprise that involved the same character of business as that of the complainant, and the agent was enabled to use his position, by reason of his employment, to the prejudice of his employer. If the agent established a business of a similar character and derived large profits therefrom, the complainant would be entitled to relief. Therefore the circuit court and the Appellate Court for the First District each erred in sustaining the demurrer and dismissing the bill.

The decree of the circuit court of Cook county and the judgment of the Appellate Court for the First District are each reversed and the cause remanded.

*Reversed and remanded.*