FRED H. FARRAND *et al.*

*v.*

WILLIAM LONG *et al.*

*Opinion filed February 19, 1900.*

1. PRACTICE—*exceptions for insufficiency of unsworn answer may be filed.* Under sections 20, 21 and 24 of the Chancery act (Rev. Stat. 1874, p. 201,) the defendant is required to answer all allegations and interrogatories of the complainant, whether answer on oath is waived or not, and accordingly the former practice precluding the filing of exceptions to an unsworn answer no longer prevails.

2. MERGER—*when lien of mortgage is not merged under deed to mortgagee.* As between the parties and those claiming under them, a mortgage lien is not merged in the fee under a deed to the mortgagee from one of the mortgagors after the death of the other, where the deed was intended merely as a change in the form of the mortgagee's security, and was executed in the mistaken belief that the grantor was the sole owner of the premises, whereas the deceased mortgagor was in fact the owner of an undivided half.

3. DOWER—*when dower interest does not pass under deed to mortgagee.* A deed to the mortgagee by one mortgagor after the death of the other does not pass the grantor's dower right in the deceased mortgagor's undivided one-half interest in the property, where the deed was intended merely as a change in the mortgagee's security, and was executed by the grantor in the belief that he was sole owner of the property, and hence in ignorance of his dower right.

APPEAL from the Circuit Court of Pike county; the Hon. T. N. MEHAN, Judge, presiding.

Appellees, as heirs of Mary C. Long, wife of Thomas S. Long, filed their bill seeking partition of certain lands, averring the appellant Fred H. Farrand to be the owner of an undivided one-half of the premises and the title to the remaining half to be in the complainants in various proportions, set out in detail. Farrand answered, denying that he was the owner in fee simple of the premises, or any portion thereof, except the naked title, but stating his interest to rest upon the following facts: That in April, 1889, Thomas S. Long and Mary C. Long, his wife, were both indebted to one James A. Farrand in the sum of $2385, to secure which they made their promissory note for that amount, due in five years, and five interest coupon notes for $166.95, payable in one, two, three, four and five years, all bearing eight per cent interest, to secure which notes Thomas S. and Mary C. Long executed and delivered their mortgage deed conveying the premises in question; that defendant became the owner of said notes and mortgage by purchase from said James A. Farrand, by paying him the full value therefor, before the maturity of the principal note; that at the time of the death of Mary C. Long, in April, 1896, they, Mary C. and Thomas S. Long, were indebted, on account of said mortgage, $3345.81; that Thomas S. Long represented to him that he was the owner in fee of all the lands, and he, believing such to be the fact, on September 1, 1897, took a deed of conveyance from said Long of all the lands in controversy, being the same lands described in his mortgage, and at the same time released said mortgage and executed and delivered to said Long a bond for a deed for the re-conveyance to said Long at any time within two years, on the payment to him of the amount so due, together with interest at the rate of seven per cent, the understanding being that the deed so made to him by Long was not an absolute deed of conveyance, but was regarded as security for the payment of said sum of money only, with interest on the same, and averring

that the title held by him to the said lands is as security for the indebtedness due him, upon the payment of which to him he is ready and willing to re-convey the said premises to the said Long, or to the complainants, or to whomsoever the court may direct.

The answer of defendant T. S. Long sets up substantially the same facts as contained in the answer of Farrand; that he had supposed that he was the owner of all the legal title to the premises, and had learned only since the suit that his deceased wife owned an undivided half of the premises; that after the passing of the deed and bond for a deed said Long continued to remain in possession of the lands and to pay rent to Farrand, which was to be applied as interest upon said indebtedness; denies that he did or could convey any right of dower to Farrand, the same never having been assigned, and insists that should the court hold that Mary C. Long, at the time of her death, was the owner of an undivided one-half of the premises, he should be decreed dower therein. Answers were also filed by the personal representatives of one Seymour, deceased, also a defendant, averring the giving of a mortgage by two of the children of the deceased on their respective interests, to Seymour, which mortgage was made after the release of the Farrand mortgage to Farrand and the acceptance by him of the deed from Long; that Seymour relied, in taking said mortgage, on the cancellation and surrender of the notes and mortgage held by Farrand; that he obtained under said mortgage a good title of record, and in ignorance by him of all the facts relating thereto and of any false or fraudulent representation by Long, and that the money was loaned by him on the said mortgage in perfect good faith, and denying that their claim under said mortgage is inferior to that of Farrand.

Farrand also filed a cross-bill, setting up substantially the same facts set out in his answer; averring that the deed taken by him in lieu of the mortgage of Thomas S.

and Mary C. Long was with the full belief that Thomas S. Long was the owner of the premises; that he hoped to be better able to collect rents on the property than to collect interest on the indebtedness due him, and that the acceptance of said deed and the giving by him to said Long of the bond for a deed was simply a mode for a change of indebtedness, and was not to be taken and deemed as absolute; that the value of the property does not exceed $5000. The cross-bill seeks a foreclosure of and asks that a lien may be declared upon the property for the payment of the indebtedness due him, to be paid first out of the proceeds of any sale. The original bill waived answer under oath.

The complainants filed exceptions to the answers of Thomas S. Long and Fred H. Farrand, for the reasons that they do not deny the allegations of the complainants' bill; that parts of the bill set out mere conclusions; that the answer of Farrand does not charge that the different arrangement made by him was induced by means of false representations; that the answer shows that the complainants in the original bill were not parties to the new arrangement; that the allegation of Farrand that he holds the deed as a mortgage is a mere conclusion and is not supported by the deed itself, made an exhibit to his answer. Complainants also filed a general and special demurrer to the cross-bill, the causes of special demurrer being that the cross-bill shows on its face that the mortgage has been released and the notes surrendered, and that Farrand accepted the deed in lieu thereof from Long; that the bill charges mere conclusions. The other reasons are substantially, for the purposes of this decision, the same as the exceptions to the answers.

The court rendered a decree reciting that the cause was heard on the pleadings above set out and the exceptions and demurrer to the cross-bill; that the exceptions to the answers and demurrer to the cross-bill be sustained and the cross-bill dismissed for want of equity, the de-

fendants having elected to abide their answers and the cross-bill of Fred Farrand; that the complainants in the original bill are entitled to the relief sought. It decrees a partition of the premises among the complainants and the defendant Farrand, but makes no determination as to any dower rights of Long or as to the mortgage claims or account of the Seymour mortgage.

The evidence shows that Thomas S. Long and Mary C. Long, his wife, owned the premises, each an undivided one-half in common, by deed of record.

Errors are assigned on this appeal by both Fred H. Farrand and Thomas S. Long, and the points relied on are: First, that the court should not have sustained one set of exceptions to two separate answers of defendants, being the answers of Farrand and Long; second, that the answers not being under oath, no exceptions could be sustained to the same on the ground of insufficiency; third, that the court erred in dismissing the cross-bill on demurrer; fourth, that the court erred in not ascertaining and setting off the dower rights of Thomas S. Long.

A. G. CRAWFORD, for appellants.

W. L. COLEY, and W. E. WILLIAMS, for appellees.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

As to appellants' first contention, it is a sufficient answer to say that, no objection being made in the trial court, the question cannot be for the first time raised on appeal.

In support of the second contention, counsel for appellants relies on the cases of *Fulton County* v. *Mississippi and Wabash Railroad Co.* 21 Ill. 337, *Smith* v. *McDowell,* 148 id. 51, *Brown* v. *Scottish-American Mortgage Co.* 110 id. 235, *Goodwin* v. *Bishop,* 145 id. 421, and *Mix* v. *People,* 116 id. 265.

Sections 20, 21 and 24 of chapter 22 of the Revised Statutes are as follows:

"Sec. 20. When a bill, supplemental bill, bill of review, revivor or cross-bill, shall be filed in the court of chancery, other than for discovery only, the complainant may waive the necessity of the answer being made on the oath of the defendant, defendants or any of them; and, in such cases, the answer may be made without oath, and shall have no other or greater force as evidence than the bill.

"Sec. 21. Every answer shall be verified by an oath or affirmation, except as provided in the foregoing section.

"Sec. 24. When an answer shall be adjudged insufficient, the defendant shall file a further answer within such time as the court shall direct, and on failure thereof, the bill shall be taken as confessed; if such further answer shall be likewise adjudged insufficient, the defendant shall file a supplemental answer, and pay all costs attendant thereon; if that shall be adjudged insufficient, the defendant may be proceeded against for a contempt, and the like proceedings be had thereon, to enforce the order of the court, as in other cases of contempt."

In *James T. Hair Co.* v. *Daily*, 161 Ill. 379, this court has construed the above sections of the statute, and after commenting on the above cases cited by appellants say (p. 385): "Under this legislation the defendant is required to answer all allegations and interrogatories of the complainant, whether the answer on oath is waived or not; and the practice as it formerly existed, by which exceptions to an unsworn answer could not be filed, is no longer the rule in this State by reason of this statute. Exceptions may be filed to an answer, whether sworn to or not." Under this authority appellees might except to the answer of the appellants for insufficiency.

This brings us to the real question of contention, viz., whether, under the averments of the answer and cross-bill, the former lien of Farrand, notwithstanding the formal release of the same of record and the surrender of the notes and mortgage by him, should be revived and

re-instated for the amount due him thereunder, and as shown by the recitals in the bond for a deed given after the acceptance by him of the deed from Thomas S. Long.

The exceptions being sustained and the cross-bill being dismissed, there was no hearing on the matters set up under them and no adjudication of the facts, and we are only called on to determine as to the sufficiency of the pleadings of appellants. From the facts as thus set forth the conclusion is irresistible that Farrand acted in ignorance of the facts, and was passively, at least, misled thereunto, and it is clear that a strong case was made out for the interposition of a court of equity.

Where a mortgage is made to secure notes, and subsequently new notes and a new mortgage are taken for the same debt, the change in the evidence of the debt, or a change in the evidence of a security for the debt, has not canceled the old debt. Whether the old debt or the security therefor was released or canceled is a question of intention, and unless the intention is to abandon the lien on the land, if a release of the mortgage has been made through fraud or mistake the mortgagee is entitled to relief in having the old mortgage retained. In *Campbell* v. *Trotter*, 100 Ill. 281, in a similar case, it was said (p. 284): "Campbell took his mortgage with knowledge of Trotter's first mortgage of March 19, 1869, and as a second mortgage subordinate to Trotter's, and it should be held subordinate to that mortgage. There has nothing occurred since, which, in equity, should displace its priority. The taking the new mortgage of August 30, 1877, and entering satisfaction of the first mortgage, was, as designed by the parties, but in continuation of the lien of the first mortgage. The whole purpose was only an extension of the time of payment. The transaction was entirely irrespective of Campbell. No consideration moved from him. It was with no reference to his benefit, and should not be made to redound thereto by the advancement of his mortgage to a priority over the lien of

Trotter for the unpaid portion of the purchase money for this land he sold to Wright. The entry of satisfaction of the first mortgage and surrender of the first notes was but a formality, as regarding any essential right of the parties; but it gives to Campbell's mortgage an inequitable advantage which it ought not to enjoy. It was through ignorance, in fact, of the existence of Campbell's mortgage that Trotter entered satisfaction of the first mortgage and surrendered the notes, and which he would not have done had he known of Campbell's mortgage. This Trotter testifies to, and the nature of the transaction itself would satisfy one that such must have been the case."

Appellees contend that under the deed from Long, Farrand's mortgage lien became merged in the fee. As to innocent third parties without notice, dealing with the premises, the correctness of this contention can hardly be questioned. But appellees here are not in a position to interpose to prevent appellants' true equities from being shown. They derive what, if any, interest they have, as heirs of Mary C. Long, who, under the averments in the cross-bill, was liable for the entire indebtedness due Farrand but has never contributed anything towards its payment, and who voluntarily created a lien upon her interest in the premises in question for the securing of the same, and which was an existing encumbrance on the lands when she died, and subject to which her interest, being a mere equity of redemption, passed to the appellees. Under the averments of Farrand's cross-bill the deed to him and his bond for a deed were in the nature of a mortgage, merely, and were for the purpose of securing to him the payment of the entire indebtedness, which exceeded the value of one-half of the premises, as averred, by nearly $1000. The authorities of this and other courts are so numerous to the effect that the mortgage will, in such case, not be taken to have merged but will be retained, or that equity will

treat the two estates as co-existing in the mortgagee when necessary for his benefit, that it would be only to unduly extend this opinion to refer to them. In *Lowman* v. *Lowman*, 118 Ill. 582, this court held, that although the parties have undertaken to discharge a mortgage upon the uniting of the estates of the mortgagor and mortgagee in the latter, the mortgage will still be upheld, in equity, as a source of title, when it is for the interest of the mortgagee, by reason of some intervening title or encumbrance, that it should not be regarded as merged. It will be presumed, as a matter of law, that the mortgagee must have intended to keep his mortgage alive, when it was essential to his security against an intervening title or encumbrance. And this presumption applies, although the parties, through ignorance of such intervening title or encumbrance, or through inadvertence, have actually discharged the mortgage of record and canceled the notes.

We are of opinion that there was no intention to release any security held by the mortgagee and that the action of the mortgagee was under a mistake of facts. His real interest in the land was not changed because of the execution of the deed and the release of the mortgage. There was no intention to merge his interest, as mortgagee, in the conveyance of the land, and such merger does not result, as a matter of law, where it is to the interest of the mortgagee to have the same kept alive. We are of opinion that the court erred in sustaining the demurrer to the cross-bill and in sustaining the exceptions to the answers of Farrand and Long.

The last question for our determination is, what became of the dower rights of Thomas S. Long in the lands of his wife, as a result of his deed to Farrand? Appellants contend that as his dower had not been assigned he could not convey same, and that Farrand took nothing, as to his dower rights, by virtue of same. In the case of *Fletcher* v. *Shepherd*, 174 Ill. 262, the widow of the

deceased, Mrs. Whipple, executed a deed to her daughter,
Mrs. Shepherd, conveying all her interest in the whole
tract of forty acres, Mrs. Whipple having a right of dower
which had never been assigned and Mrs. Shepherd own-
ing an undivided one-third of the fee. The court held
that Mrs. Whipple had a right to release her interest in
the one-third to Mrs. Shepherd, but that it did not oper-
ate as a release of her right of dower to the other heirs.
The court say (p. 271): "There could not then have been
a release of Mrs. Whipple's dower in the two-thirds not
owned by Mrs. Shepherd. To hold that there was such
release would be to hold that a dowress can release her
dower in favor of a person who is not the owner of the
fee. We are inclined to the opinion that the deed exe-
cuted by Mrs. Whipple only had the effect of releasing
her dower in the undivided one-third interest owned by
Mrs. Shepherd, and that she is still entitled to her right
of dower in the one-third owned by the appellant, Mrs.
Fletcher, and in the one-third owned by the appellee,
George Whipple."

While it may be that on a hearing of this case the
facts will develop otherwise than the pleadings before
us indicate, still, as the case is presented by the plead-
ings filed, the whole transaction being in the nature of a
mortgage only, for the purpose of securing to Farrand
the amount of the original indebtedness, with interest,
etc., it would seem clear that Long did not intend to
part with any dower rights he possessed, as his answer
avers that he was ignorant of his wife's interest, and
consequently of his dower rights, and that, subject to
the Farrand indebtedness, he is entitled to dower in the
undivided one-half of the premises. The question of the
priority of lien between Farrand's claim and the Sey-
mour mortgage is not involved in this appeal.

The decree of the circuit court of Pike county is re-
versed and the cause remanded.

*Reversed and remanded.*