---

(No. 12464.—Reversed and remanded.)
FRANK WRIGHT *et al.* Plaintiffs in Error, *vs.* W. CARL McKINNEY *et al.* Defendants in Error.

*Opinion filed April 15, 1919.*

1. EQUITY—*the jurisdiction of equity is freely exercised where there is fraud.* Fraud is a recognized subject of general equity jurisdiction, and there is no ground on which the jurisdiction is so readily entertained and so freely exercised as that of fraud.

2. SAME—*equity will relieve tax-payers against fraud at election resulting in tax.* Courts of equity will relieve against fraud affecting substantial rights in whatever form it may appear, and the fact that such rights arise out of or in consequence of an election and that the legality of the election is involved is no objection to the exercise of the jurisdiction of equity.

WRIT OF ERROR to the Circuit Court of Edgar county; the Hon. JOHN H. MARSHALL, Judge, presiding.

FRANK T. O'HAIR, and JOSEPH E. DYAS, for plaintiffs in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The circuit court of Edgar county sustained the general demurrer of the defendants in error to the bill of complaint filed by the plaintiffs in error praying for relief against alleged fraudulent acts of the judges at an election held in the town of Paris to vote on the proposition of

287 − 34

levying a special tax for gravel, rock, macadam or other hard roads, and the bill was dismissed at the costs of the complainants.

The following facts were alleged in the bill and admitted by the demurrer: The complainants are citizens, taxpayers and freeholders of the town of Paris and the defendants are the town clerk and the commissioners of highways. An election was held at five polling places in the town on April 2, 1917, on the proposition of levying a special tax of eighty cents on the $100 of the assessed valuation of property in the town, to be levied annually for five years. The judges of election in the various precincts announced as the result the number of votes cast therein, which in the aggregate made 987 for the proposition and 978 against it, which announcements were false and fraudulent. On April 20, 1917, the canvassing board canvassed the returns and announced the total vote based on the false and fraudulent returns made by the judges in accordance with such returns. The records of the votes cast, as kept at the election, showed that the proposition did not receive a majority of such votes. In each of the first, third and fourth precincts 20 legal ballots, in the second precinct 50 ballots and in the fifth precinct 25 ballots which were voted against the proposition, as the records of the votes cast, kept by the judges and clerks, showed, were falsely, fraudulently and illegally counted in favor of the proposition. In the second precinct the judges, or some one of them, received several voters' ballots marked for voting against the proposition, and instead of depositing the ballots in the ballot-box knowingly and intentionally failed to do so. The record of the women's votes in the second precinct showed 160 women voting on the proposition and showed that there were 94 against such proposition, but the announcement was that there were 67 votes in favor of it and 82 against it. In the same precinct there were

20 ballots delivered to the judges prepared and marked against the proposition which were falsely, corruptly and fraudulently changed by the judges and announced as for the proposition, and in the same precinct the ballot-box was corruptly and fraudulently stuffed with 20 ballots not voted by any person legally authorized to vote but were marked for the proposition. The record made and kept by the judges and clerks showed that there were 2013 votes cast on the proposition; that 987 were cast in favor of it and 1026 against it, and the proposition did not receive a majority of the votes cast but the contrary was the fact.

Fraud is a recognized subject of general equity jurisdiction, and there is no ground on which the jurisdiction is so readily entertained and freely exercised as that of fraud. (10 R. C. L. 316.) Courts of equity will relieve against fraud affecting substantial rights in whatever form it may appear, and the fact that such rights arise out of or in consequence of an election and the legality of the election is involved is no objection to the exercise of the jurisdiction. (*Boren* v. *Smith,* 47 Ill. 482; *People* v. *Wiant,* 48 id. 263; *Board of Supervisors* v. *Davis,* 63 id. 405; *Kiehna* v. *Mansker,* 178 id. 15; *Devous* v. *Gallatin County,* 244 id. 40; *Hysler* v. *Springfield School District,* 272 id. 458.) It is immaterial in what form fraud appears or in what manner it is practiced or becomes effective to the injury of substantial property rights, and the fact that the alleged frauds were practiced at an election and produced a different result from the actual one, resulting in the levy of a tax, is no ground for refusing relief.

The decree is reversed and the cause remanded, with directions to overrule the demurrer.

*Reversed and remanded, with directions.*