## The Manhattan State Bank, Appellant, v. C. J. Moritz, Inc., Appellee.

### Gen. No. 7,482.

1. MECHANICS' LIENS—*money furnished contractor.* Bank furnishing money to contractor to pay to laborers entitled to a lien on funds in the hands of the State due to State contractor was not entitled to a lien under Mechanics' Lien Act, sec. 23, Cahill's St. ch. 82, ¶ 23.

2. EQUITY—*adequate remedy at law.* One is not entitled to apply to a court of equity for relief where he has an adequate remedy at law.

3. EQUITY—*adequacy of remedy at law.* Allegation that there was a verbal agreement for the advancement of money to a public contractor with the understanding that the agreement should be reduced to writing and that $4,000 was advanced, but contractor refused to sign, held not to show such a fraud as would confer jurisdiction on a court of equity to fix a lien on money due from the State to the contractor.

4. ACCOUNTING SUITS—*equity jurisdiction.* Courts of equity have general jurisdiction in matters of account where the acounts are mutual, or where they are on but one side and a discovery is sought which is material to the relief prayed, or where the state of account between the parties is intricate and complicated, or so involved with the rights of third parties that it would be difficult for a jury to unravel the numerous transactions.

5. ACCOUNTING SUITS—*adequacy of legal remedy.* The jurisdiction of equity where accounts are involved does not depend upon the existence of a remedy at law, but upon the adequacy and practicability of such remedy and upon the discretion of the court.

6. ACCOUNTING SUITS—*easily ascertained account.* A bill by a bank seeking to fix a lien on funds owing by the State to a road contractor, held not to give equity jurisdiction on the theory that an accounting was necessary, there being only one item claimed and the amount of money owing by the State being easily ascertainable.

7. ASSUMPSIT—*when action for money had and received lies.* Action for money had and received may be maintained whenever the defendant has obtained money of the plaintiff which in equity and conscience he has no right to retain, the law implying a promise to pay, notwithstanding there was no privity of contract between the parties.

Appeal by plaintiff from the Circuit Court of Will county; the Hon. FREDERICK A. HILL, Judge, presiding. Heard in this court at the April term, 1925. Affirmed. Opinion filed July 11, 1925.

BARR & BARR, for appellant.

SNAPP, HEISE & SNAPP and PARKER & BAUER, for appellee.

MR. JUSTICE PARTLOW delivered the opinion of the court.

The original bill in this case was filed in the circuit court of Will county by The Manhattan State Bank, The Western Wheel Scraper Works and several small claimants, to obtain a lien against a fund in the hands of the State of Illinois due appellee, C. J. Moritz, Inc., on account of a hard road contract with the State. A demurrer to the bill was sustained as to the Bank and the Scraper Works, and overruled as to the other claimants. The Scraper Works elected to stand by the bill and it was dismissed. Appellant, The Manhattan State Bank, filed an amended bill, to which a demurrer was sustained, the amended bill of the Bank was also dismissed for want of equity, and from that decree appellant, The Manhattan State Bank, prosecutes this appeal.

The amended bill alleged that Moritz had a contract with the State of Illinois for the improvement of a portion of State bond issue route number 44, in Will county, for a consideration of $205,140.06. Afterwards, in violation of the terms of the contract, Moritz sublet the grading work to James F. Ryan for the portion between Wilton Center and the Elgin, Joliet & Eastern Railroad Company crossing, near the City of Joliet. Ryan began the grading on August 21, 1922, and continued until December 13, 1922, when he was adjudged a bankrupt and abandoned his contract. On August 21, 1922, Ryan was without sufficient money to pay his laborers and other ex-

penses necessary to carry on the work, and on that day a verbal agreement was made between Ryan, Moritz and the Bank to the effect that the Bank should make the necessary advances from time to time to Ryan of money to carry on the contract, and that for the protection of the Bank a written agreement should be entered into between them providing that the proportion of the money that became due to Moritz from the State, from time to time, as the work progressed, that belonged to Ryan by reason of his contract, should be paid to the Bank, and after deducting the amount the Bank had from time to time loaned Ryan, the balance should be paid to Ryan; that the contract should specifically authorize the State of Illinois, acting through its Department of Public Works and Buildings, to send this money to the Bank; that the Bank should commence the advancement of money immediately, and that the written contract should be executed later. In pursuance of this verbal agreement, the Bank advanced to Ryan $4,000, which was used by him in the payment of his laborers and expenses under the contract, which work would have entitled the persons to whom the money was due to a lien as provided in section 23 of the Mechanics' Lien Act [Cahill's St. ch. 82, ¶ 23] had they not been paid with the money furnished by the Bank. In pursuance of this agreement the Bank caused to be prepared a written contract evidencing the intention of the parties, which agreement was signed by Ryan and the Bank, and afterwards, on October 1, 1922, submitted to Moritz for execution, and Moritz refused to sign the same. All of the money advanced by the Bank to Ryan was advanced and loaned prior to the refusal of Moritz to execute the written agreement, and was advanced in reliance upon the verbal agreement made between the parties. Moritz knew that the Bank intended to advance the money to Ryan in reliance upon the verbal under-

standing, and all the money was advanced in reliance upon the contract being executed by Moritz. The bill further alleged that Ryan actually earned, under his subcontract with Moritz, $10,000 and that said money was actually paid by the Department of Public Works and Buildings to Moritz. The bill prayed for the establishment of a lien as provided by section 23 of the Mechanics' Lien Act on the funds in the hands of the Department of Public Works and Buildings; that a general accounting be had of the amount of money received by Moritz that was in fact earned by Ryan on his subcontract, or the amount which was earned by him which was applied to some other source; and that Moritz be decreed to pay the amount thereof to the Bank.

It is claimed by appellant that the amended bill stated a good cause of action for relief under general equity principles; that the demurrer to the amended bill admitted all of the facts well pleaded; that the facts alleged and admitted constitute a fraud perpetrated by appellee; that fraud is one of the ordinary grounds of jurisdiction of a court of equity; that the acts of the parties amounted to an equitable assignment of the money earned by Ryan from appellee; that this money was paid by the State to appellee; that appellee should be required to disclose the amount, and to account for the same, which is another ground of equity jurisdiction; that the acts of the parties created an equitable contract in favor of appellant, in that a representation of a future intention, absolute in form, was made by appellee for the purpose of influencing the conduct of appellant, and it was then acted upon by appellant, and a court of equity will enforce such a contract; that had the $4,000 not been loaned by appellant to Ryan, the persons receiving the same would have been entitled to a lien under section 23 of the Mechanics' Lien Act, and a court of

equity will subrogate the demand of appellant to the rights that these persons would have had.

The demurrer to the amended bill was apparently sustained upon the grounds that the facts stated did not entitle appellant to equitable relief for the reason that it had an adequate remedy at law. Appellant in its brief says: "While as to the complainants other than the appellant, the proceeding is to enforce a lien under section 23 of the Mechanic's Lien Act, yet, it is a bill in equity, and not a statutory proceeding, and is governed by general chancery practice, and is not governed by any other provision of the Mechanic's Lien Act." Notwithstanding this statement, the bill alleges that after the oral contract was made the bank advanced to Ryan $4,000, which was used by him in payment of his laborers and expenses, which work would have entitled the persons to whom the money was due to a lien under section 23 of the Lien Act, had they not been paid with money furnished by the bank; that a court of equity will subrogate the demand of appellant to the rights which these persons would have had. The prayer is for the establishment of a lien as provided in section 23, on the funds in the hands of the Department of Public Works and Buildings.

Section 23 provides that any person who shall furnish material, apparatus, fixtures, machinery or labor to any contractor having a contract for a public improvement for the State shall have a lien on the money, bonds or warrants due, or to become due, such contractor under such contract. In *Hoier v. Kaplan,* 313 Ill. 448, in construing this section, it was held that the proceeding being purely statutory, a lien will be allowed only for such items as come strictly within the provisions of the section, and that the statute will not be construed to include cases not provided for by its language even though they may fall within its reason. There is nothing in the statute which pro-

vided for a lien for money furnished a contractor to pay bills. The only lien provided is to those who furnish material, apparatus, fixtures, machinery or labor. The claim of appellant does not come within the language of the statute, although it may fall within its reason, but, notwithstanding this fact, the bill prays that a mechanic's lien shall be allowed under section 23.

Even if it be conceded that under the general powers of equity there might be authority in a court of equity in a case of this kind, yet appellant would not be entitled to apply to a court of equity if he had an adequate remedy at law. As one of the reasons why equity should assume jurisdiction, appellant insists that there was a fraud committed, and for that reason appellant is entitled to relief in equity. There is no doubt that fraud is sufficient to give equity jurisdiction in certain cases. *Wright v. McKinney*, 287 Ill. 529. The only allegation of fraud is that there was a verbal agreement for the advancement of the money to Ryan with the understanding that the agreement should be afterwards reduced to writing; that in pursuance of this verbal agreement, appellant advanced $4,000 to Ryan; that subsequently a written contract was drawn up, was signed by appellant and Ryan, but appellee refused to sign it. We do not think these facts standing alone constitute such a fraud as would confer jurisdiction upon a court of equity.

Appellant also seeks to confer jurisdiction upon equity by an allegation with reference to an accounting. As a general rule, courts of equity have general jurisdiction in matters of account where the accounts are mutual, or where they are on but one side, a discovery being sought which is material to the relief prayed (*Hair Co. v. Daily*, 161 Ill. 379; *Gleason & Bailey Mfg. Co. v. Hoffman*, 168 Ill. 25); or where the state of the account between the parties is intricate and complicated, or so involved with the rights of

third parties that it would be difficult for a jury to unravel the numerous transactions. *Crown Coal & Tow Co. v. Thomas,* 177 Ill. 534. The jurisdiction of equity in cases of this kind does not depend upon the existence of a remedy at law, but does depend upon the adequacy and practicability of such remedy and upon the discretion of the court. *Miller v. Russell,* 224 Ill. 68.

In *Forster v. Brown Hoisting Machinery Co.,* 266 Ill. 287, it was held that a bill purporting to be for the specific performance of a contract and for an accounting was properly dismissed, where the indebtedness alleged to exist was a purely legal demand for the recovery of money under a contract, there being no complicated state of accounts between the parties, and nothing alleged in the bill showing that the complainant's rights cannot be as fully protected in an action at law as in a suit in equity.

The bill does not pray for a discovery, and there is no allegation that the account is complicated or intricate. The bill alleges that $4,000 was advanced to Ryan by appellant to pay his laborers and other expenses. There is no necessity for an accounting to establish this fact. It is an easy matter of proof and is clearly within the power of appellant to produce, as the appellant was the one who paid the money. The only other possible grounds for an accounting would be the amount which had been paid by the State to appellee, and how much remained unpaid in the hands of the Department of Public Works and Buildings. This was a matter which was also easy of proof, and involved no complicated account of any kind or character. There was no necessity for an accounting sufficient to confer jurisdiction upon equity.

There is no allegation of the insolvency of appellee, or that appellee would be unable to respond to any judgment which might be rendered against it in an action at law. If appellant has a cause of action against appellee by reason of the facts set out in the

bill, we know of no reason why a suit at law could not be maintained, and if any judgment rendered could be collected, there would be no necessity for a suit in equity.

The action of assumpsit was said by Lord Mansfield, in *Moses v. Macpherlan,* 2 Burr. 1012, to be an equitable action, in which the plaintiff could recover from the defendant so much money as he could show the defendant, *ex æquo et bono,* ought not to retain. This doctrine was recognized in *Taylor v. Taylor,* 20 Ill. 650, on page 653, as follows: ''It is the well recognized doctrine that the action for money had and received may be maintained whenever the defendant has obtained money of the plaintiff which in equity and conscience he has no right to retain.   *   *   *   When money has been thus received the law implies a promise to pay, notwithstanding there was no privity of contract between the parties.''

In *Belden v. Perkins,* 78 Ill. 449, it was said: ''In an action of assumpsit, for money had and received, the main inquiry is, whether the defendant holds money which, *ex æquo et bono,* belongs to the plaintiff.'' (*Barnes v. Johnson,* 84 Ill. 95; *Wilson v. Turner,* 164 Ill. 398; *First Nat. Bank of Springfield v. Gatton,* 172 Ill. 625.)

In *Board of Highway Com'rs v. City of Bloomington,* 253 Ill. 164, it was held that an action of assumpsit under the common counts for money had and received was an appropriate remedy to enforce an equitable obligation arising from the receipt of money by one person which belonged to another and which in equity and justice should be returned; and although the action was in form *ex contractu,* the alleged contract was purely fictitious and the right of recovery was governed by principles of equity, and no privity of contract was necessary.

In *Laflin v. Howe,* 112 Ill. 253, it was held that *indebitatus assumpsit* for money had and received was

an equitable action, and lies where one party has obtained money which in equity and good conscience he ought not to be permitted to retain.

In *Donovan v. Purtell,* 216 Ill. 629, it was held that in an action of assumpsit for money had and received, the main inquiry was whether the defendant held money which, *ex æquo et bono,* belonged to the plaintiff.

In *Cook County v. Davis,* 143 Ill. 151, a bill was filed for an accounting against a county treasurer for money held by him and which did not belong to him. A demurrer was sustained to the bill upon the ground that it was filed to enforce a purely legal claim. The decree was affirmed by the Supreme Court, and it was held that the bill was filed to enforce a purely legal demand, and unless some special and substantial ground of equitable jurisdiction was alleged that a court of equity would decline to interfere; that when a court of law is competent to afford an adequate and ample remedy, a court of equity will remand the parties to the court of law, where the right of trial by jury is secured to them; that in actions cognizable at law, the mere fact that an accounting is necessary even when there are cross accounts that such fact is insufficient to give a court of equity jurisdiction, the general rule being that a proper case is presented only when the remedies at law are insufficient.

It clearly appears that the facts stated in the amended bill did not constitute such a cause of action as gave a court of equity jurisdiction, and appellant had an ample and adequate remedy at law. For this reason the demurrer to the bill was properly sustained and the decree will be affirmed.

*Decree affirmed.*