TEXAS & NEW ORLEANS RAILWAY COMPANY v. A. G. FARRINGTON.

Decided June 26, 1905.

**1.—Pleading—Certainty—Itemizing Damages—Cattle Shipment.**

Where plaintiff sued for damages by reason of depreciation in value of his cattle during transportation because of their being kept in muddy pens, and also by reason of a fall in the market price because of delay, and the petition alleged his entire damage in a gross sum, an exception thereto on the ground that the damages were not stated with sufficient certainty should have been sustained.

**2.—Evidence—Hearsay—Cattle Shipment.**

Where plaintiff testified that he knew the time it ordinarily took to transport cattle from the point of shipment to destination, his further statement that he never accompanied but one shipment did not contradict his statement that he had personal knowledge from which he could testify as to what was the length of time ordinarily required, and so render his testimony hearsay.

**3.—Cattle Shipping Contract—Connecting Line as Agent.**

A clause in a contract of through shipment by which the shipper agrees to release the carrier from all liability for delay after delivery to its agent or for delay in receiving the shipment after it should be tendered to its agent, does not release the carrier from liability for delay caused by the negligence of its own employes, the word "agent," as used in such clause, clearly referring to the connecting line to which the initial carrier contracted to deliver the shipment.

Appeal from the County Court of Lavaca. Tried below before Hon. C. J. Gray.

*Patton & Schwartz,* for appellant.—1. Pleadings must be a statement of facts, in contradistinction to a statement of evidence, of legal conclusions and of arguments, and must be such as to specifically apprise the opposite party of what will be proven on the trial. Anderson Electric Co. v. Cleburne Water, Ice and Lighting Co., 27 S. W. Rep., 505; Hendrix v. Nunn, 46 Texas, 149; Brown v. Mitchell, 75 Texas, 9, 12 S. W. Rep., 606; Schneider v. Ferguson, 77 Texas, 574; Beck v. Avondino, 82 Texas, 314; Townes on Pleading, 278, 279.

2. The testimony of the witness Farrington as to the time it should take to transport the cattle was hearsay and showed that the witness was not testifying from his personal knowledge of the facts, but solely from information derived from others. Rosenthal v. Middlebrook, 63 Texas, 336; Goldfrank v. Halff, 26 S. W. Rep., 778; Houston & T. C. Ry. Co. v. Burke, 55 Texas, 339; Gulf, etc., Ry. Co. v. Frost, 34 S. W. Rep., 168; Gulf, etc., Ry. Co. v. Baugh, 42 S. W. Rep., 245; Railway Co. v. Maddox, 75 Texas, 305.

PLEASANTS, ASSOCIATE JUSTICE.—This suit was brought by appellee Farrington against the appellant and the San Antonio & Aransas Pass Railway Company to recover damages alleged to have been caused by the breach by the defendants of a contract with him for the shipment of two carloads of calves from Hallettsville, Lavaca County, Texas, to New Orleans, Louisiana. The petition alleges in substance that the San Antonio & Aransas Pass Railway Company accepted the two cars at Hallettsville, Texas, and agreed to safely and securely transport them over its road and its next connecting line of railway, to wit, the Texas & New Orleans Railroad, from Hallettsville to New Orleans; that the defendants did not deliver them with ordinary care and diligence, nor did defendants handle them with ordinary care and diligence, but they "so negligently conducted themselves" that they were delayed an unusual and unnecessarily long time between point of shipment and destination, and the time in making the delivery was a long time beyond the time ordinarily required, thereby causing great damage to plaintiff by reason of the fall in market price of the cattle. Plaintiff further alleged that the cattle were improperly handled in transit and negligently unloaded at Alexandria, a station on line of Texas & New Orleans Railway Company, in pens too small to accommodate said cattle and give them feed and rest; that they were kept standing in said pens in a crowded condition and belly-deep in mud for a longer time than necessary, causing them to deteriorate in value by reason of their muddy

condition and shrinkage in weight; that one calf was killed in transit on account of negligent handling.

Plaintiff asked for damages in the sum of five dollars per head on those actually delivered and ten dollars for the one killed in transit; then plaintiff prayed for total sum of three hundred and fifty-five dollars damages, and that said sum be apportioned between defendants as their liabilities may be shown on the trial, and for all costs of suit.

The defendants each filed separate answers on September 14, 1904, in which they demurred specially on the grounds: (1) That plaintiff alleged a contract for delivering two cars of calves over the lines of the said defendants to the city of New Orleans, Louisiana, and breach of same by killing one calf by negligent handling and injuring the others five dollars per head by detaining them in a muddy pen, and prays for apportionment of damages between defendants, and failed to give any basis for said apportionment and did not allege where and in which defendant's possession or on which line of road the calves were detained in a muddy pen or where or by which company their injuries were caused. (2) That plaintiff failed to allege the length of time the calves were in transit; what was a reasonable time for transportation between points of shipment and destination; how much the calves were damaged by being detained in a muddy pen, or how much plaintiff was damaged by a fall in prices, or to lay any definite basis by which his damages, if any, could be determined.

Defendants then answered by a general denial, and then specially pleaded the contract of shipment releasing defendants from any and all liability for delay in shipping after delivery thereof to their respective agents; that plaintiff would assume all risk of loss or damage not resulting from the proven negligence of defendants or their agents; that defendants should not be liable, in case of feeding or watering the stock, for the imperfect discharge thereof; that the liability of each defendant was limited to damages occurring on its line of railway, and that they should not be responsible for carriage beyond; that they each transported said calves with expedition and safety and due diligence and that the stock suffered no injury, and each prayed that plaintiff take nothing, and for costs.

The trial in the court below without a jury resulted in a judgment in favor of plaintiff against the appellant for the sum of $200, and in favor of the San Antonio & Aransas Pass Railway Company that plaintiff take nothing as against it.

The evidence shows that the plaintiff, on August 19, 1903, delivered to the Aransas Pass Railway Company, at Hallettsville, 139 calves for shipment to New Orleans. The contract of shipment limited the liablity of both the initial and connecting carriers to loss or damage occurring on their respective lines. Under this contract the calves were taken by the Aransas Pass Railway Company to Houston and there delivered to appellant. The calves were promptly carried by the Aransas Pass Company to Houston and were delivered to the appellant in good condition. There is evidence to support the finding of the trial court that there was an unreasonable delay in the transportation of the shipment from Houston to New Orleans, and that the market price of the calves at New Orleans on the day they reached that market was $200

less than their market value on the day they should have reached said market, if they had been transported with reasonable promptness.

We are of opinion that the special exceptions to the petition on the ground that it fails to state what amount of damages was claimed on account of the alleged fall in the market price and what amount by reason of the depreciation in value caused by the alleged negligence of appellant in keeping the calves in a muddy pen, were well taken, and the assignments of error complaining of the ruling of the trial court in refusing to sustain said exceptions should be upheld.

Whenever the nature of the cause of action asserted is such that a plaintiff can state with certainty the several items which go to make up the damages claimed, the defendant is entitled to have such itemized statement, and special exceptions pointing out such defect in a petition should be sustained. The plaintiff in this case could have alleged specifically what amount of damages he claimed by reason of the difference in the market value of the calves on the day they reached their destination and their market value on the day they should have reached the market, caused by the fall in the market price of calves of the kind and class which composed this shipment. The defendant was entitled to this information under the elementary rule which requires that pleadings shall be as specific and certain as the nature of the case will permit. From the allegations of this petition the defendant could not even guess what amount plaintiff was claiming on account of the alleged fall in the calf market, or what amount because of the injury to the calves alleged to have been caused by the negligence of the defendant. This information was necessary to enable defendant to properly prepare its defense, and having been called for by special exceptions and refused by the plaintiff, defendant was not required to offer any proof to meet the indefinite and uncertain allegations of the petition, but could stand upon its right to have the plaintiff state specifically what amount he was claiming under each of his allegations of damage.

We think the remaining assignments of error are without merit. The testimony of the plaintiff as to the time which it ordinarily took to transport a car of calves from Hallettsville to New Orleans does not show that he was speaking from hearsay. He testified that he knew the time, and his further statement that he never accompanied but one shipment does not contradict his statement that he had personal knowledge from which he could testify as to what was the length of time ordinarily required to make the shipment. He might have gained his knowledge from statements of defendant's agents or in other ways than by actually accompanying shipments.

The clause in the contract of shipment by which the shipper agrees to release the carrier from all liability for delay after delivery to its agent or for delay in receiving the shipment after it should be tendered to its agent, does not release the defendant from liability for delay caused by the negligence of its own employes, and the word "agent" as used in this clause clearly refers to the connecting line to which the initial carrier contracted to deliver the shipment.

Because of the error of the trial court in refusing to sustain the exception to the petition before discussed, the judgment is reversed and the cause remanded for a new trial as between the plaintiff and the

appellant. The judgment in favor of the San Antonio & Aransas Pass Railway Company is not complained of, and is therefore undisturbed.

*Reversed and remanded.*