570

## SCOTT v. HACKFELD.

### No. 3056.

Court of Civil Appeals of Texas. Eastland.

Dec. 18, 1953.

Clyde & Barnes, Fort Worth, Perry Barber, Colorado City, for appellant.

Mays & Leonard, Sweetwater, Thompson, Worrell & Moore, Colorado City, for appellee.

COLLINGS, Justice.

O. D. Scott brought this suit against August D. Hackfeld for damages for breach of an alleged partnership agreement and sought an accounting of the partnership assets. He alleged that the parties had entered into a verbal agreement that they would engage in the business of buying, selling and trading cattle and other livestock. He alleged that Hackfeld, without his knowledge or consent, closed out the joint bank account with the result that Scott was arrested in connection with the check which he gave on the account and thereby suffered actual damages in the sum

of $25,000 for which he sought judgment against Hackfeld, together with $25,000 exemplary damages. He further alleged in Paragraph IV of his petition that Hackfeld withdrew all the funds out of the joint bank account and converted same to his own use and benefit and prayed that Hackfeld be required to make an accounting therefor and that he have judgment for such profits as an audit of such accounts showed he was entitled to receive. Hackfeld filed numerous special exceptions to such pleadings in which it was urged that Scott's allegations claiming damages actual and exemplary were vague, indefinite and uncertain. Exceptions were also filed to the allegations in Paragraph IV of Scott's petition with reference to the necessity for an accounting and for the recovery of any amount shown by an audit to be due him. The exception to paragraph IV was as follows:

"Defendant excepts to the allegations contained in Paragraph IV of said petition for the reason that the same are too general, vague, indefinite, and are not specific in nature in that it is not alleged what proceeds of what purchases or sales the defendant is alleged to have converted to his own use, nor is it alleged the amounts of money claimed to have been so converted by defendant, nor the dates of such alleged conversions, nor do such allegations apprise the defendant of the nature and character of proof that will be needed to meet such allegations, and plaintiff should be required to plead more specifically the dates and amounts of funds which he alleges defendant converted to his own use; and of this exception defendant prays judgment of the Court."

The trial court sustained appellee's exceptions and Scott refused to amend his petition and the case was dismissed. From such order of the dismissal, Scott has perfected this appeal.

In the sole point presented, Scott contends that "since this was an action for an accounting and appellant's petition shows on its face that an accounting has been demanded and a request for an audit made, the court erred in sustaining the exceptions requiring the pleadings in that connection to be more specific."

■ We cannot agree with this contention. The action of the court in sustaining exceptions to appellant's allegations and prayer for actual and exemplary damages totalling $50,000 claimed to have been suffered by reason of his arrest in connection with a check written by him on the partnership bank account is not questioned. Appellant's claim against Hackfeld under the remaining pleadings now urged by him is limited to an action for an accounting and for recovery of the amount of any profits shown to be due by the accounting with no specific allegation of any particular amount.

■ The facts upon which a plaintiff relies for recovery should be alleged with as much certainty as the nature of the case permits. It has been held that allegations should be so specific, that conceding them to be true, the court could render a judgment thereon. 33 Tex.Jur. 454; Texas & N. O. Ry. Co. v. Farrington, 40 Tex.Civ. App. 205, 88 S.W. 889. In our opinion, the allegations in Paragraph IV of appellant's petition do not meet this requirement. Appellee alleges that Hackfeld has converted the profits of the partnership to his own use, but he does not specify what proceeds of what purchases or sales were converted. He does not allege the date or dates of any claimed conversion. Neither does he specify any particular amount claimed to have been converted.

■ Where all of the records from which the state of accounts between the parties may be ascertained are in the possession of the opposite party, a plaintiff is excused from stating with exactness what is due him. 33 Tex.Jur., 457; Reeves v. White, Tex.Civ.App., 161 S.W. 43. Scott, however, does not allege that Hackfeld has all of the records showing the amounts of

the alleged profits of the partnership and that he, Scott, has been denied access thereto and thereby excuse himself from a more specific allegation of his claim. On the contrary, an examination of appellant's petition shows that according to his allegations he was to be the manager of the claimed partnership; that he was to devote his full time and efforts in going to different cattle markets buying or trading cattle and selling them for a profit; that he did buy, trade and sell cattle over a large part of the State of Texas, writing checks on the Scott and Hackfeld account through the First National Bank of Loraine, Texas; that he continued his efforts of buying and selling livestock for a period of approximately one month. Such allegations indicate that Scott himself was in active charge and control of the alleged partnership business and that he should have known the state of accounts between the parties.

Hackfeld's only obligation in the matter, as alleged by appellant, was to furnish whatever finances were necessary to carry on the joint venture. There was no allegation that Hackfeld was obligated to keep a record of each purchase and sale made by Scott, or that he, in fact, did keep such a record from which the profits could be determined, or that Scott was refused access to any such record thereby rendering it impossible for him to be more specific in his allegations. A general allegation to the effect that Hackfeld had knowledge and control at all times over the joint bank account is not, in effect, an allegation that all of the records and data for ascertaining the state of accounts between the parties was in his possession and that Scott was denied access thereto. Under such circumstances appellant was not excused from the duty of a more specific allegation of his claim against Hackfeld.

It is also to be noted that in order to maintain a suit in any court a plaintiff is required to plead facts showing jurisdiction in the court where suit is filed. 8 Tex.Jur.Supp., page 76; Brown v. Peters, Com.App., 127 Tex. 300, 94 S.W.2d 129; Means v. Marshall, Tex.Civ.App., 220 S.W. 2d 680; Campsey v. Brumley, Tex.Com. App., 55 S.W.2d 810.

Where the amount in controversy is by exceptions to the petition reduced below the jurisdictional amount of the court, it is held that the court should not retain jurisdiction in order to enforce a demand which should have been brought in a lower court. Western Union Telegraph Co. v. Arnold, 97 Tex. 365, 79 S.W. 8; St. Louis S. W. Ry. Co. of Texas v. Hill & Morris, 97 Tex. 506, 80 S.W. 368.

As already indicated, there is no appeal in this case from the action of the court sustaining exceptions to appellant's allegations seeking $50,000 in actual and exemplary damages on account of his arrest. The remaining portion of appellant's petition as set out principally in Paragraph IV thereof contained allegations that Hackfeld withdrew all funds of the joint bank account and converted same to his own use and benefit, and a prayer for an accounting and for judgment for the amount of the profits shown by such accounting to be due him. There is no allegation or prayer for the recovery of any specific amount claimed to have been converted, or that the amount converted was in excess of $500. Such allegations do not show jurisdiction in the District Court. The court did not err in sustaining appellee's special exception to Paragraph IV and in dismissing the case when appellant refused to amend. Carroll v. Silk, 70 Tex. 23, 11 S.W. 116; Gulf, C. & S. F. Ry. Co. v. Rainbolt, 67 Tex. 654, 4 S.W. 356.

The judgment of the trial court is affirmed.