Kent W. RICHARDSON, Appellant,

v.

FIRST NATIONAL LIFE INSURANCE
COMPANY, Appellee.

No. 14485.

Court of Civil Appeals of Texas.

San Antonio.

June 1, 1966.

Rehearing Denied June 27, 1966.

John D. Wennermark, San Antonio, for appellant.

Heath & Davis, Austin, for appellee.

CADENA, Justice.

This is an appeal by Kent W. Richardson, plaintiff below, from the order of a district court of Bexar County dismissing, for lack of jurisdiction, his suit against First National Life Insurance Company, defendant.

The allegations of plaintiff's petition are as follows: On February 13, 1961, plaintiff was employed by defendant as an insurance salesman under a written contract which provided that plaintiff should receive commissions, at rates specified in the contract, on insurance policies which he sold. Although plaintiff has fulfilled his obligation under the contract, defendant has refused to pay commissions due on policies sold by plaintiff. Plaintiff has made repeated demands for an accounting of the commissions due him, but such demands have been refused by defendant. Plaintiff believes that "at least" the sum of $314.37 is due him under the contract.

The petition concludes with a prayer that defendant be required to make an accounting, and that plaintiff have judgment for "at least" $314.37 and "for such further sums as shall be found due on such accounting," plus "a reasonable sum as attorney's fees."

Defendant excepted to the petition on the ground that it shows on its face that the amount in controversy is less than $500.00. The trial court sustained this exception.

Plaintiff did not ask for leave to amend, but, instead, gave notice of appeal.

 Plaintiff has not called our attention to any statutory provision which vests in the district courts jurisdiction of suits for accounting, as such, irrespective of the amount in controversy. In the absence of a statute vesting jurisdiction in such courts on the basis of the nature of the matter in dispute, district courts have jurisdiction only where the "matter in controversy shall be valued at or amount to five hundred dollars exclusive of interest." Article 5, § 8, Vernon's Ann.Tex.Const.

The petition furnishes no basis whatsoever for determining the amount which plaintiff claims is due him under the contract of employment. The allegation that plaintiff is entitled to "at least" $314.37 is not sufficient to show that the amount in controversy is $500.00. It is not even an allegation to the effect that plaintiff is due more than $314.37. The further prayer for recovery of such additional amounts, in excess of $314.37, as may be shown to be due plaintiff is not sufficient, even if we construe it as an allegation that some amount in excess of $314.37 is due, to show that the amount in controversy is within the district court's jurisdiction. Similarly, the prayer for reasonable attorney's fees, even if it be assumed that the petition contains factual allegations sufficient to show that plaintiff would be entitled to attorney's fees, leaves us completely in the dark as to the amount of attorney's fees which plaintiff claims.

In the absence of an allegation that an amount within the jurisdiction of the district court is due, or a prayer for the recovery of an amount within that court's jurisdiction, the petition does not show jurisdiction in the district court. Under these circumstances, the trial court did not err in sustaining defendant's special exception and in dismissing the case when plaintiff failed to amend. Carroll v. Silk,

70 Tex. 23, 11 S.W. 116 (1888); Gulf, C. & S. F. R. Co. v. Rainbolt, 67 Tex. 654, 4 S. W. 356 (1887); Scott v. Hackfeld, Tex.Civ. App., 263 S.W.2d 570, no writ.

The judgment of the trial court is affirmed.