Kent W. RICHARDSON, Petitioner,

v.

FIRST NATIONAL LIFE INSURANCE COMPANY, Respondent.

No. A–11613.

Supreme Court of Texas.

July 26, 1967.

Rehearing Denied Nov. 1, 1967.

Colunga & Wennermark, John D. Wennermark, San Antonio, for petitioner.

Heath & Davis, Dudley D. McCalla, Austin, for respondent.

GRIFFIN, Justice.

Petitioner, as plaintiff below, filed suit in a district court of Bexar County, Texas, against respondent, as defendant, for commissions due him as agent for the defendant. He alleged "that plaintiff believes that at least the amount of Three Hundred Fourteen and 37/100 Dollars ($314.37) is due him for commissions from the policies sold under said contract." He further asked for an accounting. Defendant filed its plea to the jurisdiction of the court because it appeared "from the face of the petition that the matter in controversy, exclusive of interest, amounts in value to less than $500.00," etc. The trial court sustained this plea and dismissed the suit at plaintiff's costs. On appeal, the Court of Civil Appeals affirmed. 408 S.W.2d 525. We affirm the judgments of the courts below.

Petitioner says that his suit was one for an accounting and that it was properly brought in the district court, as that court is a court of general jurisdiction. The allegations of plaintiff's petition are that on February 13, 1961, plaintiff entered into a contract with defendant to sell insurance policies in defendant's company as defendant's agent; that plaintiff has in all things complied with the "stipulations, conditions, and agreements" placed on him by the contract, but that defendant has failed and refused to pay plaintiff the commissions due him on the policies "pursuant to the provisions of said contract." Plaintiff further alleged that he has "demanded an accounting for said commissions" and has been refused such accounting by defendant at all times. Then follows the only allegation of any sum due plaintiff by defendant: "That plaintiff believes that at least the amount of Three Hundred Fourteen and 37/100 Dollars ($314.37) is due him for commissions from the policies sold under said contract."

In his prayer plaintiff prays that defendant be required to make an accounting, "that plaintiff have judgment against the defendant for at least $314.37, and for such other sums as shall be found due on such accounting," and for general relief.

Petitioner's contention is based upon the fact that the constitutional and statutory provisions confer upon the district court general residuary jurisdiction. This contention has application only when considered in connection with the language of Art. V, Sec. 8 of our State Constitution, Vernon's Ann.St. That language does not say the district court has jurisdiction of all suits that may be brought. The exact language of the residuary clause is, "The District Court shall have original jurisdiction * * * [in enumerated cases] when the matter in controversy shall be valued at or amount to five hundred dollars exclusive of interest * * * and shall have general original jurisdiction over all causes of action whatever *for which a remedy or jurisdiction* is not provided by law or this Constitution * * *." Art. 1909, Revised Civil Statutes 1925, as amended, contains language of similar import. The residuary clause of the Constitution applies *only* to those cases "for which a remedy or jurisdiction *is not* provided" by law or the Constitution. The jurisdiction given by this language is not concurrent with the jurisdiction of the other courts, but is an exclu-

sive jurisdiction within its field. (All emphasis is that of this Court.)

■ The only way the district court's jurisdiction could be sustained would be to hold that this is a suit in equity. That is not correct. This suit is an ordinary suit on a written contract of employment which plaintiff attaches to his petition. Plaintiff's demand is a money demand. The residuary clause of Art. V, Sec. 8 applies only to causes of action for which a remedy or jurisdiction *is not provided by law or the Constitution.* The Constitution provides that suit must be brought in the county court for a debt that exceeds $200.00 and does not exceed $500.00. Rule 172, Texas Rules of Civil Procedure, provides among other things that when an investigation of accounts or examination of vouchers is necessary in any suit, the trial court *"shall appoint an auditor or auditors to state the accounts between the parties,"* etc.

This plaintiff's cause of action herein is not an equitable action; it is not an action for which no remedy nor jurisdiction is provided by the Constitution and the law. Therefore, it is not entitled to be heard in the district court, but must be heard in the county court.

■ With regard to the contention that the allegation seeking an accounting makes an equitable action of plaintiff's demand and also makes the residuary clause of Art. V, Sec. 8 controlling, there is an excellent annotation in 3 A.L.R.2d 1310, entitled "Availability of Equitable Remedy of Accounting Between Principal and Agent." In this annotation there is quoted from Restatement of Agency, Vol. 2, Sec. 399, the rules governing an accounting suit between principal and agent:

"A principal does not have a bill for an account or other equitable relief against an agent merely from the fact of agency or from the fact that the agent has received something for the principal. Equitable relief may, however, be granted not only on the ground that there is no adequate remedy of law, as where an injunction is sought, but also where there is a close fiduciary relationship. * * * *On the other hand,* unless there is such a complication of accounts that it is difficult for the machinery of the law courts to cope with them, the principal ordinarily cannot bring a bill in equity for money due; if his remedy otherwise would be *solely in the courts of law, he cannot bring a bill for an account merely on the ground of the agency relationship."*

These same rules apply to an action of an agent against his principal. 3 A.L.R.2d 1369 et seq., § 19. This annotation also quotes from 4 Pomeroy Equity Jurisprudence, 5th Edition, Sec. 1421,

"The instances in which legal remedies are held to be inadequate and thus a suit in equity for an accounting may be brought are stated to be: (1) Where there are mutual accounts between the parties, that is, where each of them has received and paid on account of the other, as distinguished from matters of setoff and accounts on one side only. (2) Where the accounts are all on one side but there are circumstances of great complication or difficulties in the way of adequate relief at law. To determine what degree of complication is required for a pure accounting the rule was established by the English courts that the account be so complicated that a court of law would be incompetent to examine it by application of the trial procedure at nisi prius proceedings although many of the present statutes and practice rules governing courts of general jurisdiction enable matters of accounting to be referred to officers or referees. The only test recognized by modern decisions is that if the facts and accounts presented relate to so many different transactions and items in such relationship to each other that it is doubtful whether adequate relief could be obtained at law, equity should entertain jurisdiction. * * * *"

From the above annotation and the excerpts we have cited, we find that this suit does not qualify as an equitable proceeding for which our Constitution and statutes provide no remedy or jurisdiction.

■ The general rule is that the allegations of the plaintiff's petition must state facts which affirmatively show the jurisdiction of the court in which the action is brought. Brown v. Peters, 127 Tex. 300, 94 S.W.2d 129 (1936); Smith v. Horton, 92 Tex. 21, 46 S.W. 627 (1898); Texas & N. O. R. R. Co. v. Farrington (Tex.Com.App., 1905), 40 Tex.Civ.App. 205, 88 S.W. 889.

■ "The rule of law seems to be well settled in this state that, if plaintiff *pleads generally* a state of facts, and *goes further and pleads specifically and particularly* on the same subject, *he cannot rely upon the general allegations,* but is confined in his recovery to those specifically and particularly pleaded. Specific allegations will control those of a general character." (Citing authorities.) Houston Printing Company v. Hunter (Tex.Civ.App. 1937), 105 S.W.2d 312, 318, aff'd 129 Tex. 652, 106 S.W.2d 1043.

■ In our case the Constitution and statutes do give jurisdiction to various courts to determine suits for debt, based on the allegations in the petition as to the amount in controversy. Also, in our case the only allegation as to a definite debt is $314.37, and that amount is not within the jurisdiction of a district court.

We affirm the judgments of both courts below.

CALVERT, C. J., concurs in the result.

### Dissenting Opinion

### On Motion for Rehearing

SMITH, Justice.

I respectfully dissent. This case presents the narrow question of whether the district or county court has jurisdiction to entertain the suit. In order to determine this question, the nature of the relief sought must be first determined. This is a suit for equitable relief in a situation where the terms of the contract reveal a close fiduciary relationship between Richardson and First National. Richardson alleged in his petition facts showing that he was seeking an accounting. The contract attached to the petition reflects that First National was under a duty to keep an accurate account of all commissions due Richardson. The contract specifically states that "[t]he ledger account of the Company shall be competent and conclusive evidence of the state of accounts between you [Richardson] and the Company." It is clear that any records kept by Richardson would be of no avail in the event of the failure of First National to divulge the contents of its ledger accounts pertaining to Richardson. First National collected all premiums, but, according to Richardson's pleadings, " * * * failed and refused, and still fails and refuses, to perform said contract on its part, in that Defendant, notwithstanding said contract, did collect monies on the policies sold by Plaintiff pursuant to said contract, and has failed and refused to pay Plaintiff the commissions due on said policies to him pursuant to the provisions of said contract. That Plaintiff has demanded an accounting for said commissions from Defendant repeatedly since May 1st, 1964, and has been refused such accounting by Defendant at all times." Then, follows the allegation: " * * * Plaintiff believes that at least the amount of Three Hundred Fourteen and 37/100 Dollars ($314.37), is due him for commissions from the policies sold under said contract." Then, follows the prayer:

"Wherefore, premises considered, Plaintiff prays that Defendant be required to make an accounting, that Plaintiff have *judgment against the Defendant for at least the sum of Three Hundred Fourteen and 37/100 Dollars ($314.37), and for such further sums as shall be found due on such* accounting, for a rea-

sonable sum as attorneys' fees, for cost of suit, and for such other and further relief to which he may be entitled either at law or in equity." (Emphasis added.)

There are certain provisions of the contract which conclusively demonstrate that Richardson by the decision of this Court has been deprived of his constitutional right to a trial. His petition alleges that "Defendant is a foreign Life Insurance Company, having its home office at * * * Phoenix 14, Arizona, which has designated * * * Commissioner of Insurance, State Board of Insurance, * * * as its duly authorized agent and attorney in fact, etc." So far as this record indicates, all accounts and records of premium collections are kept by the Company at its home office in Phoenix, Arizona. Regardless of where such records are kept, Richardson can never successfully obtain a judgment until First National is compelled to perform its part of the agreement. It follows that he could not at the time of filing suit know the exact amount due him. Consider the following provisions of the contract in determining whether this is a suit for an accounting, an equitable action, or is, as stated by this Court, " * * * an ordinary suit on a written contract of employment."

To be found in the contract are provisions that all life policies written by Richardson, the face amount of which is $50,000.00 or more, First National has the right to fix the *amount of the first year commission.* The contract provides that this commission shall not be reduced below the commission provided in Paragraph A, Section 4 by *more than 10% of the first year premium.* To further complicate the matter of accounting and to point up the error of this Court's holding, there appears as a part of the contract a "supplement to agent's agreement", dated June 2, 1959, hich reads:

"It is further understood and agreed that, on all earned premiums, after the first premium, you will receive a servicing Commission of 15% of premiums; such servicing commission to continue so long as the business remains in force with the Company, and provided that this contract is in full force and effect, and further provided that you are actually servicing said business to the satisfaction of the Company."

Finally, I point to the provision of the contract dealing with "Commissions on Conversions.":

"Commissions on conversions, policies substituted or rewritten for another on the same life, modified forms of policies and policies other than as specified above shall be governed, irrespective of any other provisions of this agreement, by the rules and practices of the Company as established from time to time."

Under the record in this case, Richardson's suit should be classed as a proceeding in equity. He has clearly brought a suit where all of the essential facts are peculiarly within the knowledge of First National. Therefore, Richardson was required only to allege, as he did, with reasonable certainty the employment as agent for First National, the Manner of Compensation, the performance of services showing some commissions to be due, and the facts and circumstances demonstrating that the correct amount could not be ascertained without an accounting. See Brea v. McGlashan (1934) 3 Cal.App.2d 454, 39 P.2d 877; Arbuckle v. Clifford F. Reid, Inc. (1931) 118 Cal.App. 272, 4 P.2d 978; Shepard v. Brown (1863) 9 Jur.NS (Eng) 195; Williams v. Finlaw, Mueller & Co. (1928) 292 Pa. 244, 141 A. 47; Miller v. Russell (1906) 224 Ill. 68, 79 N.E. 434. This latter case emphasizes the fact that the agent in that case, as here, was without adequate means of ascertaining the true status of the accounts. The Supreme Court of Illinois in *Miller,* supra, a case factually similar to the present case, held against the contention of Miller that the cause of action was an ordinary suit on a contract. The Court rejected Miller's contention that the Company occupied no fiduciary relation to Russell and that the Company did not hold

the money received by it in trust for Russell. The Court also rejected Miller's contention that Russell had "an ample and adequate remedy at law".

The Court, after stating that Russell's "objections go to the jurisdiction of a court of equity", held:

"A similar question has been before us on other occasions, and the law settled, at least in this state, against the contention of plaintiffs in error. In Hair Co. v. Daily, 161 Ill. 379, 43 N.E. 1096, we held that, as a general rule, in matters of account courts of equity have a general jurisdiction where the accounts are mutual; also where they are on but one side, a discovery being sought which is material to the relief prayed. And again in the case of Gleason & Bailey Manf. Co. v. Hoffman, 168 Ill. 25, 48 N.E. 143, it was held that jurisdiction in equity exists where there are mutual accounts between the parties, or where the account is all on one side, and there are complications or difficulties in the way of an adequate remedy at law, or where a fiduciary relation exists, and a duty rests upon the respondent to render an account. In the case of Crown Coal & Tow Co. v. Thomas, 177 Ill. 534, 52 N.E. 1042, it was again held that equity may take jurisdiction in matters of account when the state of account between the parties is intricate and complicated, or so involved with the rights of third parties that it would be difficult for a jury to unravel the numerous transactions, and that the jurisdiction of equity in matters of account does not depend upon the existence of a remedy at law, but upon the adequacy and practicability of such remedy and upon the discretion of the court. Bispham's Principles of Equity (4th Ed.) p. 536, and cases cited in note 2. We think the facts in this case clearly within the rule. The defendant in error entered into a contract with the association, represented by the plaintiffs in error, under which he made many sales of land in conformity with said development contract. He was to receive compensation in small amounts on each of the sales, and this compensation was paid to the association, and entered upon their books. The payments were not made to him, but by the terms of the contract were all payable to the association. He had no means of telling when or in what amounts such payments were made except through its books, and it is apparent from the evidence that the association neglected and refused to give him this information. He made frequent demands upon its officers for that purpose, which were refused. While the account was, therefore, upon one side, the information as to the state of the account was entirely in the possession of the association. The account stated by the master was shown to be complicated and very intricate, and covered many pages of the abstract. Manifestly it would have been practically impossible for a jury, even with the books in evidence, to figure out the amount due the complainant. For that, if no other, reason, the claim of the complainant was the proper subject of an accounting by the master. Moreover, the bill not only prays for an accounting, but for a discovery against the association. The contract between the parties provided that complainant should have the right to make resale of all forfeited shares, and the evidence shows that 186 shares were forfeited by the association, and no report whatever of them made to him. He had no adequate means of ascertaining this fact except by a bill for discovery. The bill is not, however, a bill for general discovery, but one seeking the discovery of facts upon which the complainant bases his action, which he alleges are wrongfully withheld from him."

If Courts of equity have general jurisdiction, we turn to the question we have before us.

In determining whether the district or county court has jurisdiction to entertain this suit in equity, I pose the hypothetical question: What would happen if, under

the same allegations, suit had been brought in the county court? In deciding this question, it should be kept in mind that, disregarding certain types of suits (none of which are involved here) where jurisdiction is determined by the subject matter of the case, the county court has potential jurisdiction when the amount in controversy is between $200 and $1,000. See Texas Constitution, Article V, Section 16; Vernon's Annotated Texas Statutes [1], Article 1949; Article 1950. Jurisdiction in the district court, on the other hand, commences at $500 and is without limit. See Tex.Const., Article V, Section 8, Vernon's Ann.St. Article 1906. Thus, between $500 and $1,000 the county courts and the district courts have concurrent jurisdiction. To be considered in connection wtih the above provisions are the statutory and constitutional provisions which confer upon the district court general, residual jurisdiction. Thus, by Article V, Section 8 of the State Constitution, it is provided in part:

> "The District Court * * * shall have general original jurisdiction over all causes of action whatever for which a remedy or jurisdiction is not provided by law or this Constitution, and such other jurisdiction, original or appellate, as may be provided by law."

Article 1909, provides:

> "Such [district] court shall have general original jurisdictions over all causes of action, for which a remedy or jurisdiction is not provided by law or the constitution, and such other jurisdiction, original and appellate as may be provided by law."

First National argues that it affirmatively appears from the pleadings that the amount in controversy is less than $500 and therefore jurisdiction for this case is not in the district court. I disagree with this conclusion. It does not affirmatively appear from the pleadings that this cause falls within the jurisdiction of the county court.

In fact, if the suit had been brought in the county court, the sustaining of a plea to the jurisdiction would have been proper. As the county court is a court of limited jurisdiction, it is without power to render a judgment which exceeds its constitutional limit of $1,000. If, of course, jurisdiction in the instant case were improperly placed in the county court an entry of a judgment exceeding $1,000 would be void. No authority need be cited for the proposition that a void judgment is an absolute nullity and, as such, confers no rights and binds no one. These propositions are elementary. As was stated in Freeman v. Freeman, 160 Tex. 148, 327 S.W.2d 428 (1959):

> "Judgments are void for lack of power in courts to render them when they are rendered contrary to constitutional or valid statutory prohibition or outside limiting constitutional or statutory authority."

Thus, if the present case were brought in the county court, and if a plea to the jurisdiction was not sustained and it subsequently developed that Richardson was entitled to a judgment of more than $1,000, the court would be powerless to enter the judgment. The point is that an *allegation that Richardson is entitled to at least $314.37 plus whatever an accounting may reveal he is entitled to could yield a total of more than $1,000.* The county court being unable to enter a judgment for more than $1,000, Richardson would then be forced to seek his relief in a district court. This Court should refuse to countenance such a spectacle.

As I read the pleadings, Richardson believes he is entitled to at least $314.37, and such additional sums to which an accounting may reveal he is owed. As the case has not gone to a trial on its merits and there is no statement of facts, this Court has no way of knowing what, if anything, First National may owe Richardson under the contract, although it should be pointed out that the contract contains the usual pro-

---

1. All statutory references hereinafter contained are to Vernon's Annotated Texas Civil Statutes.

visions for commissions for the sale of policies. In my view of the case, however, this is immaterial as this Court is here concerned solely with determining the proper court in which this lawsuit should be maintained on the basis of the pleadings. The proper forum for this case is in the district court pursuant to Article V, Section 8 of the State Constitution, supra, and Article 1909, supra.

The judgments of the trial court and the Court of Civil Appeals should be reversed and the cause remanded to the district court for a trial on the merits.

WALKER and STEAKLEY, JJ., join in this dissent.