Geneva FIELDS, d/b/a Fields Funeral
Home, Appellant,

v.

UNIVERSAL LIFE AND ACCIDENT IN-
SURANCE COMPANY, Appellee.

No. 15059.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Aug. 31, 1967.

Rehearing Denied Sept. 21, 1967.

Dent & Cashin, Herschel B. Cashin,
Galveston, for appellant.

Dibrell, Dibrell & Greer, G. William
Rider, Galveston, for appellee.

WERLEIN, Justice.

This suit was brought by appellee, Uni-
versal Life and Accident Insurance Com-
pany, in the County Court at Law No. 1
of Dallas County, Texas, against appellant,
Fields Funeral Home, and Willie Taylor,
and transferred on a plea of privilege to
the County Court at Law of Galveston
County. The suit was brought by appellee
to cancel and rescind and declare null and
void ab initio and of no force and effect,
that certain life insurance policy issued
May 22, 1961, on the life of Emma Taylor.
Appellee prayed that it be released and
discharged from any liability whatsoever
under such policy because of alleged
fraudulent representations made by the in-

sured with respect to being in good health and free from the effects of any illness. At the conclusion of the evidence, on appellee's motion, the trial court withdrew the case from the jury and rendered judgment for appellee, from which judgment appellant, Fields Funeral Home, assignee of Willie Taylor, beneficiary under said policy, has appealed.

Appellant asserts that the trial court lacked jurisdiction over the suit because appellee's petition put in issue a liability exceeding the court's jurisdictional limit, since appellee's liability included not only the $500.00 face value of the policy, but also the entire liability of the insurer both on the policy and under Article 3.62 of the Insurance Code of the State of Texas, V.A.T.S., which provides in effect that where a loss occurs and the life insurance company fails to pay the same within thirty days after demand therefor, such company shall be liable to pay the holder of the policy in addition to the amount of the loss, 12% damages on the amount of such loss together with reasonable attorney's fees for the prosecution and collection of such loss; and which further provides that the court in fixing such fees shall take into consideration all benefits to the insured incident to the prosecution of the suit, accrued and to accrue on account of such policy.

■ In the instant case appellee did not plead nor prove that such liability would not exceed the jurisdictional amount of the county court at law. Appellant did not file a cross-action in the case, and there is no pleading or evidence to the effect that appellee's entire liability would not exceed the sum of $1,000.00. Appellant filed no cross-action to recover the face value of the policy plus statutory penalty and reasonable attorney's fees, but did file a plea to the jurisdiction of the trial court on the ground that the liability of appellee placed in controversy in the suit was in excess of the jurisdictional amount of the county court at law, and in such plea it alleged that the reasonable fees for serv-

ices of appellant's counsel through the trial and all possible appellate steps was in excess of $500.00, and that appellee was seeking to avoid a potential liability in excess of $1,000.00, and hence the trial court lacked jurisdiction of appellee's cause of action.

■ Our Supreme Court, in Great American Reserve Insurance Co. v. Britton, 1966, 406 S.W.2d 901, said:

"However, when the insurer files suit to cancel the policy before suit for the policy proceeds is filed, we hold that the entire liability of the insurer, both on the policy and under the statute, is put in issue, and the right of the insurer to require demand as a prerequisite to liability for attorney fees is waived."

■ In the recent case of Richardson v. First National Life Insurance Company, 419 S.W.2d 836 our Supreme Court made the following statement:

"The general rule is that the allegations of the plaintiff's petition must state facts which affirmatively show the jurisdiction of the court in which the action is brought. Brown v. Peters, 127 Tex. 300, 94 S.W.2d 129 (1936); Smith v. Horton, 92 Tex. 21, 46 S.W. 627 (1898); T. & N. O. R. R. Co. v. Farrington (Tex.Com.App.1905), 40 Tex.Civ.App. 205, 88 S.W. 889."

■ The county court at law is a court of limited jurisdiction, having concurrent jurisdiction with the district court when the matter in controversy shall exceed $500.00, and not exceed $1,000.00, exclusive of interest. Appellee's petition fails to state facts affirmatively showing that such court had jurisdiction of appellee's cause of action. There is nothing in the record to show that the liability of appellee did not exceed the jurisdictional amount of the court, and there is no pleading or proof to such effect. Appellant's plea to the jurisdiction clearly asserts that appellee's lia-

bility and hence the amount in controversy does exceed the jurisdictional amount of the court.

We are of the opinion that the trial court erred in overruling appellant's plea to the jurisdiction, and that appellee's cause of action should have been dismissed for lack of jurisdiction of the County Court at Law.

In view of our holding, it is not necessary to discuss appellant's other points of error.

The judgment of the Trial Court is reversed and the cause is remanded with instructions to dismiss appellee's cause of action for want of jurisdiction.