NO. 07-02-0017-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



NOVEMBER 21, 2002



______________________________




LINDA WORTHAM, APPELLANT



V.



BEAUMONT INDEPENDENT SCHOOL DISTRICT, APPELLEE




_________________________________



FROM THE 172ND DISTRICT COURT OF JEFFERSON COUNTY;



NO. E-158,573; HONORABLE DONALD J. FLOYD, JUDGE



_______________________________



Before QUINN and REAVIS, JJ. and BOYD, S.J. (1)

 Linda Wortham appeals from an order dismissing her suit against Beaumont
Independent School District (BISD) for her claim of racial discrimination and violations of
the Texas Commission on Human Rights Act, Tex. Labor Code Ann. §§ 21.001 through
21.306 (Vernon 1996) (hereafter the Act). By her four issues we must decide whether the
trial court erred in granting BISD's second motion to dismiss on the basis of its assertions
that (1) Wortham failed to establish her prima facie case of race discrimination in violation
of the Act; (2) Wortham failed to exhaust her administrative remedies so as to confer
subject matter jurisdiction on the trial court; (3) Wortham's claims were barred by
applicable statute of limitations; and (4) Wortham failed to amend her petition in response
to special exceptions. Based upon the rationale expressed herein, we affirm in part and
reverse and remand in part. 

 By her original petition, Wortham, a white BISD teacher for the previous 15 years, 
alleged that in the "past several years" she had applied for approximately 17 counselor
and/or assistant principal positions (2) with BISD, but notwithstanding her qualifications and
Texas Education Agency certifications, her applications were denied and the positions
were filled by less qualified black employees. Wortham also alleged that she had filed a
sworn charge of discrimination with the Texas Commission on Human Rights and was
issued a right to sue letter on or about December 30, 1997. She sought damages
including lost wages, mental anguish, and attorney's fees. Alleging malice, she also
sought punitive damages under the Act. 

 In addition to a general denial, BISD answered by presenting special exceptions
alleging that Wortham's petition did not identify the alleged applications and positions
sought or the dates of the alleged discrimination. BISD also plead the affirmative defense
of statute of limitations and a plea to the jurisdiction because of Wortham's failure to
exhaust administrative remedies. By its second motion to dismiss with prejudice, among
other things, BISD sought dismissal of the action because Wortham had not exhausted her
administrative remedies as required by section 21.201 of the Texas Labor Code and
presented a plea to the jurisdiction. Also, BISD contended that Wortham's pleadings were
deficient because they did not specifically identify the events the basis of her claims. After
consideration of the motion, the trial court signed an order of dismissal.

 Reviewing Wortham's issues in a logical rather than sequential order, we first
consider her second and fourth issues which address jurisdiction, exhaustion of
administrative remedies, and sufficiency of her pleadings. By her second issue, she
alleges the trial court erred in dismissing her cause on the ground that she failed to
exhaust her administrative remedies and that the trial court did not have subject matter
jurisdiction. By her fourth issue, she contends her pleadings were sufficient
notwithstanding BISD's special exceptions. 

 A trial court's subject matter jurisdiction is determined solely from the good faith
allegations in the plaintiff's pleadings, see City of Austin v. Ender, 30 S.W.3d 590, 593
(Tex.App.--Austin 2000, no pet.), and the plaintiff has the burden to allege facts that
affirmatively demonstrate the court's jurisdiction to hear the case. Richardson v. First
National Life Insurance Co., 419 S.W.2d 836, 839 (Tex. 1967). In addition to the petition,
we look to the plaintiff's response to a plea to the jurisdiction and in the absence of
allegations and evidence of fraud, the plaintiff's good faith allegations are taken as true. 
See Ender, 30 S.W.3d at 593. Finally, unless the pleadings affirmatively show the
absence of jurisdiction, we construe the petition liberally in favor of jurisdiction and review
the trial court's determination de novo. Id; see also Mayhew v. Town of Sunnyvale, 964
S.W.2d 922, 928 (Tex. 1988). 

 Wortham concedes that in order to sue for the alleged discrimination and violations
of the Act, she must first exhaust her administrative remedies by filing a charge of
discrimination with the Commission. Here, however, she claims that her complaint signed
April 17, 1997, and letter of right to sue of December 30, 1997, demonstrated sufficient
compliance. Section 21.201 provides in part:

 (a) A person claiming to be aggrieved by an unlawful employment practice
or the person's agent may file a complaint with the commission. 

 (b) The complaint must be in writing and made under oath.

 (c) The complaint must state:

 (1) that an unlawful employment practice has been committed;

 (2) the facts on which the complaint is based, including the date, place,
and circumstances of the alleged unlawful employment practice; and

 (3) facts sufficient to enable the commission to identify the respondent.


(Emphasis added). Under section 21.202(a) a complaint must be filed not later than the
180th day after the date the alleged unlawful employment practice occurred and under
section 21.256, a civil action may not be brought later than the second anniversary of the
date the complaint relating to the action is filed. Accordingly, we review Wortham's
pleadings and her response to the motion to dismiss to determine if she filed the required
complaint of discrimination within 180 days of the occurrences of alleged unlawful
employment practice.

 Although Wortham's petition alleges that in the "past several years" her applications
for 17 positions were unlawfully denied, the petition does not identify the positions by
school, title, or otherwise, and does not provide the dates of the alleged unlawful
employment practices. Wortham's complaint signed on April 17, 1997, and filed with the
Commission and attached to her petition states that she had "applied for several open
counselor and assistant principal positions with BISD," but does not provide the dates,
places, or circumstances as required by section 21.201. (3) However, in her response to
BISD's motion to dismiss, Wortham asserts that her application for employment as a
counselor at Fehl Elementary School was unlawfully denied in October 1996 and her
application for employment as a counselor at Pietzch-MacArthur Elementary School was
also unlawfully denied in December 1996. In addition, the response alleged that in late
1996 or early 1997, she was unlawfully denied a position at Vincent Middle School. 
Because Wortham's response to BISD's motion identifies three events of alleged unlawful
employment practices within 180 days of the date she filed her complaint with the
Commission and we are required to consider events alleged in the response as well as the
petition, we conclude that her pleadings were sufficient to meet her burden of proof
regarding claims of alleged unlawful employment practices occurring after October 20,
1996, but not otherwise. (4) Issues two and four are sustained only as to alleged acts of
unlawful employment practices occurring after October 20, 1996; in all other respects, the
issues are overruled. 

 By her first issue, Wortham contends the trial court erred in granting BISD's motion
to dismiss because she did not fail to establish a prima facie case of race discrimination. 
By her third issue, she contends the trial court erred in dismissing her suit because her
claims were barred by applicable statutes of limitation. However, the order signed by the
trial court did not constitute a judgment that Wortham take nothing on her claim. As a
dismissal, it was appropriate to the extent that it properly addressed the question of
jurisdiction. See Texas Highway Department v. Jarrell, 418 S.W.2d 486, 488 (Tex. 1967). 
Moreover, our disposition of issues two and four pretermits consideration of issues one
and three. (5) These issues present nothing for review.

 Accordingly, that portion of the trial court's order of September 7, 2001, dismissing
with prejudice Wortham's claims of unlawful employment practices occurring after October
20, 1996, (6) is reversed and the cause is remanded to the trial court for further proceedings;
in all other respects the order of September 7, 2001 is affirmed.


 Don H. Reavis

 Justice



Do not publish. 

 


 

 


 

 

 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.
2. Wortham's pleading did not identify the 17 positions or provide any dates of her
applications.
3. The April 17, 1997 complaint indicates that "Jan. 1997" is the most recent
continuing act of discrimination.
4. For purposes of calculating the 180 day requirement of section 21.202, we
presume that Wortham's complaint signed April 17, 1997 was mailed to the Commission
on the date it was signed.
5. BISD's motion to dismiss did not reference Rule 166a of the Texas Rules of Civil
Procedure or state the specific grounds for a motion for summary judgment.
6. Positions at Fehl Elementary School, Pietzch-MacArthur Elementary School and
Vincent Middle School if applications denied after October 20, 1996. 



  Standard of Review
          In reviewing the trial court’s ruling on Appellant’s speedy-trial claim, we apply a
bifurcated standard of review: an abuse of discretion standard for factual components and
a de novo standard for legal components. Cantu v. State, 253 S.W.3d 273, 282
(Tex.Crim.App. 2008); Zamorano v. State, 84 S.W.3d 643, 648 (Tex.Crim.App. 2002). 
While our review necessarily involves factual and legal conclusions, how these two inter-relate “as a whole . . . is a purely legal question.” Cantu, 253 S.W.3d at 282 (quoting
Zamorano, 84 S.W.3d at 648 n.19). This is particularly so here where the facts are not
disputed.
          II.       The Right to a Speedy Trial
          The right to a speedy trial attaches once a person is arrested and charged. Cantu,
253 S.W.3d at 280. Constitutional speedy-trial claims are analyzed on an ad hoc basis by
weighing and then balancing the four factors set forth in Barker v. Wingo, 407 U.S. 514,
92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). These four factors are: (1) length of delay, (2)
reason for the delay, (3) assertion of the right, and (4) prejudice to the accused. Cantu,
253 S.W.3d at 280. We consider the four factors together along with the relevant
circumstances noting that no one factor possesses “talismanic qualities.” Zamorano, 84
S.W.3d at 648. 
          While the State has the burden of justifying the length of the delay, the defendant
has the burden of proving the assertion of the right and showing prejudice. See Ex parte
McKenzie, 491 S.W.2d 122, 123 (Tex.Crim.App. 1973). The defendant’s burden of proof
on the latter two factors varies inversely with the State’s degree of culpability for the delay,
i.e., the greater the State’s bad faith or official negligence and the longer its actions delay
a trial, the less a defendant must show actual prejudice or prove diligence in asserting his
right to a speedy trial. Cantu, 253 S.W.3d at 280-81 (citing Robinson v. Whitley, 2 F.3d
562, 570 (5th Cir. 1993)). 
 

          A.       Length of Delay
          The Barker test is triggered by a delay that is unreasonable enough to be
presumptively prejudicial. Doggett v. United States, 505 U.S. 647, 652 n.1, 112 S.Ct.
2686, 120 L.Ed.2d 520 (1992). While there is no set time element that triggers a Barker
analysis, the Court of Criminal Appeals has held that a delay of four months is insufficient
while a seventeen-month delay is sufficient. Cantu, 253 S.W.3d at 281 (collected cases
cited therein). 
          Here, twenty-seven months passed between Appellant’s arrest and his assertion of
his speedy-trial claim. We find this factor weighs in favor of Appellant. Since the triggering
mechanism has been met, we consider the three remaining Barker factors. 
          B.       Reason for the Delay
           We next consider the reason(s) the State provided in an attempt to justify the delay. 
Barker, 407 U.S. at 531; Zamorano, 84 S.W.3d at 648-50. Sometimes, the government’s
justifications under this prong should be given greater or lesser weight, depending on the
relative merit of the reasons which are given. Barker, 407 U.S. at 531. A “neutral”
justification such as an overcrowded docket or mere negligence “should be weighted less
heavily but nevertheless should be considered since the ultimate responsibility for such
circumstances must rest with the government rather than with the defendant.” Id. 
          The State announced its readiness for trial in its filing on January 17, 2006, less
than two months following Appellant’s arrest. Neither party sought any continuances. 
Rather, the trial court assumed responsibility for the delay because it continually reset the
pre-trial hearing and trial dates due to its crowded docket. Accordingly, the second Barker
factor weighs only slightly in favor of a finding of a speedy trial violation. 
          C.       Timeliness of Asserted Speedy-Trial Claim
          The third factor is concerned with the timeliness of a defendant’s assertion of his
right to a speedy trial. See Barker, 407 U.S. at 529, 531-32; Zamorano, 84 S.W.3d at 648,
651-52. Although the defendant has no duty to bring himself to trial, he does have a
responsibility to assert his right to a speedy trial. Cantu, 253 S.W.3d at 282. Nonetheless,
filing for a dismissal before seeking a speedy trial generally weakens a speedy-trial claim
because it indicates a desire to have no trial instead of a speedy one. Id. at 283. When
this occurs, the defendant should provide cogent reasons for this failure to seek a speedy
trial before dismissal. Id. 
          In twenty-seven months between Appellant’s arrest and trial, Appellant did not seek
a speedy trial. Then, only a week before trial, he sought a dismissal based on a speedy
trial violation without offering any explanation for his delay in asserting his rights. 
Accordingly, this factor weighs heavily against finding a speedy trial violation.

          D.       Prejudice
          Because pretrial delay is often both inevitable and wholly justifiable, Cantu, 253
S.W.3d at 285, the fourth Barker factor examines whether and to what extent the delay has
prejudiced the defendant. Barker, 407 U.S. at 532. Prejudice “should be assessed in the
light of the interests of defendants which the speedy trial right was designed to protect.” 
Barker, 407 U.S. at 532. There are three such interests: (i) to prevent oppressive pretrial
incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the
possibility that the defense will be impaired. Id.
          Appellant did not assert that he suffered from “oppressive pretrial incarceration,”
anxiety, or concern. He asserts that, because of the delay, a potential witness was
unavailable. He also indicated that the missing witness’s testimony would “counteract
some of the evidence” introduced by the State without indicating what the missing
witness’s testimony would show or what evidence introduced by the State would be
counteracted.
          To establish particularized prejudice based on an unavailable witness, a defendant
must present proof both of the efforts made to locate the witness and that the witness
would have benefitted his defense. See Phipps v. State, 630 S.W.2d 942, 947
(Tex.Crim.App. 1982); Mabra v. State, 997 S.W.2d 770, 780 (Tex.App.–Amarillo 1999, pet.
ref’d). Appellant did neither. Thus, he failed to establish particularized prejudice at the
hearing before the trial court. This factor weighs against a finding of a speedy trial
violation. 
          E.       Weighing of Barker Factors
          In this case, the length of the delay weighs in favor of finding a violation of the right
to a speedy trial and the reasons for the delay weigh only slightly in favor of finding a
violation. These two factors are outweighed by the remaining factors. Appellant’s failure
to timely assert his right to a speedy trial and his choice of remedy (dismissal) indicates he
acquiesced in the delay extenuating any presumptive prejudice. Moreover, Appellant’s
evidence of particularized prejudice, if any, is extremely marginal at best. Thus, the last
and most important factor weighs against a finding of a speedy trial violation. Accordingly,
based on the evidence presented in this case, we find the trial court did not err in its
determination that Appellant’s right to a speedy trial was not violated and overrule
Appellant’s sole issue.
Conclusion
          The trial court’s judgment is affirmed.
                                                                           Patrick A. Pirtle 

                                                                                 Justice 



Publish.