NO. 07-02-0017-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

NOVEMBER 21, 2002

_____


LINDA WORTHAM, APPELLANT

V.

BEAUMONT INDEPENDENT SCHOOL DISTRICT, APPELLEE

_____

FROM THE 172ND DISTRICT COURT OF JEFFERSON COUNTY;

NO. E-158,573; HONORABLE DONALD J. FLOYD, JUDGE

_____

Before QUINN and REAVIS, JJ. and BOYD, S.J.[*]

Linda Wortham appeals from an order dismissing her suit against Beaumont Independent School District (BISD) for her claim of racial discrimination and violations of the Texas Commission on Human Rights Act, Tex. Labor Code Ann. §§ 21.001 through

---

[*]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

21.306 (Vernon 1996) (hereafter the Act).  By her four issues we must decide whether the trial court erred in granting BISD's second motion to dismiss on the basis of its assertions that (1) Wortham failed to establish her *prima facie* case of race discrimination in violation of the Act; (2) Wortham failed to exhaust her administrative remedies so as to confer subject matter jurisdiction on the trial court; (3) Wortham's claims were barred by applicable statute of limitations; and (4) Wortham failed to amend her petition in response to special exceptions.  Based upon the rationale expressed herein, we affirm in part and reverse and remand in part.

By her original petition, Wortham, a white BISD teacher for the previous 15 years, alleged that in the "past several years" she had applied for approximately 17 counselor and/or assistant principal positions[1] with BISD, but notwithstanding her qualifications and Texas Education Agency certifications, her applications were denied and  the positions were filled by less qualified black employees.  Wortham also alleged that she had filed a sworn charge of discrimination with the Texas Commission on Human Rights and was issued a right to sue letter on or about December 30, 1997.  She sought damages including lost wages, mental anguish, and attorney's fees.  Alleging malice, she also sought punitive damages under the Act.

In addition to a general denial, BISD answered by presenting special exceptions

---

[1]Wortham's pleading did not identify the 17 positions or provide any dates of her applications.

alleging that Wortham's petition did not identify the alleged applications and positions sought or the dates of the alleged discrimination. BISD also plead the affirmative defense of statute of limitations and a plea to the jurisdiction because of Wortham's failure to exhaust administrative remedies. By its second motion to dismiss with prejudice, among other things, BISD sought dismissal of the action because Wortham had not exhausted her administrative remedies as required by section 21.201 of the Texas Labor Code and presented a plea to the jurisdiction. Also, BISD contended that Wortham's pleadings were deficient because they did not specifically identify the events the basis of her claims. After consideration of the motion, the trial court signed an order of dismissal.

Reviewing Wortham's issues in a logical rather than sequential order, we first consider her second and fourth issues which address jurisdiction, exhaustion of administrative remedies, and sufficiency of her pleadings. By her second issue, she alleges the trial court erred in dismissing her cause on the ground that she failed to exhaust her administrative remedies and that the trial court did not have subject matter jurisdiction. By her fourth issue, she contends her pleadings were sufficient notwithstanding BISD's special exceptions.

A trial court's subject matter jurisdiction is determined solely from the good faith allegations in the plaintiff's pleadings, *see* City of Austin v. Ender, 30 S.W.3d 590, 593 (Tex.App.--Austin 2000, no pet.), and the plaintiff has the burden to allege facts that affirmatively demonstrate the court's jurisdiction to hear the case. Richardson v. First

3

National Life Insurance Co., 419 S.W.2d 836, 839 (Tex. 1967).  In addition to the petition, we look to the plaintiff's response to a plea to the jurisdiction and in the absence of allegations and evidence of fraud, the plaintiff's good faith allegations are taken as true.  *See Ender*, 30 S.W.3d at 593.  Finally, unless the pleadings affirmatively show the absence of jurisdiction, we construe the petition liberally in favor of jurisdiction and review the trial court's determination *de novo*.  *Id*; *see also* Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1988).

Wortham concedes that in order to sue for the alleged discrimination and violations of the Act, she must first exhaust her administrative remedies by filing a charge of discrimination with the Commission.  Here, however, she claims that her complaint signed April 17, 1997, and letter of right to sue of December 30, 1997, demonstrated sufficient compliance.  Section 21.201 provides in part:

> (a) A person claiming to be aggrieved by an unlawful employment practice or the person's agent may file a complaint with the commission.
>
> (b) The complaint *must* be in writing and made under oath.
>
> (c) The complaint *must* state:
>
>   (1) that an unlawful employment practice has been committed;
>
>   (2) the facts on which the complaint is based, including the *date,* place, and circumstances of the alleged unlawful employment practice; and
>
>   (3) facts sufficient to enable the commission to identify the respondent.

(Emphasis added).  Under section 21.202(a) a complaint must be filed not later than the

4

180th day after the date the alleged unlawful employment practice occurred and under section 21.256, a civil action may not be brought later than the second anniversary of the date the complaint relating to the action is filed. Accordingly, we review Wortham's pleadings and her response to the motion to dismiss to determine if she filed the required complaint of discrimination within 180 days of the occurrences of alleged unlawful employment practice.

Although Wortham's petition alleges that in the "past several years" her applications for 17 positions were unlawfully denied, the petition does not identify the positions by school, title, or otherwise, and does not provide the dates of the alleged unlawful employment practices. Wortham's complaint signed on April 17, 1997, and filed with the Commission and attached to her petition states that she had "applied for several open counselor and assistant principal positions with BISD," but does not provide the dates, places, or circumstances as required by section 21.201.[2] However, in her response to BISD's motion to dismiss, Wortham asserts that her application for employment as a counselor at Fehl Elementary School was unlawfully denied in October 1996 and her application for employment as a counselor at Pietzch-MacArthur Elementary School was also unlawfully denied in December 1996. In addition, the response alleged that in late 1996 or early 1997, she was unlawfully denied a position at Vincent Middle School.

---

[2]The April 17, 1997 complaint indicates that "Jan. 1997" is the most recent continuing act of discrimination.

5

Because Wortham's response to BISD's motion identifies three events of alleged unlawful employment practices within 180 days of the date she filed her complaint with the Commission and we are required to consider events alleged in the response as well as the petition, we conclude that her pleadings were sufficient to meet her burden of proof regarding claims of alleged unlawful employment practices occurring after October 20, 1996, but not otherwise.[3]  Issues two and four are sustained only as to alleged acts of unlawful employment practices occurring after October 20, 1996; in all other respects, the issues are overruled.

By her first issue, Wortham contends the trial court erred in granting BISD's motion to dismiss because she did not fail to establish a *prima facie* case of race discrimination. By her third issue, she contends the trial court erred in dismissing her suit because her claims were barred by applicable statutes of limitation.  However, the order signed by the trial court did not constitute a judgment that Wortham take nothing on her claim.  As a dismissal, it wa*s* appropriate to the extent that it properly addressed the question of jurisdiction. *See* Texas Highway Department v. Jarrell, 418 S.W.2d 486, 488 (Tex. 1967). Moreover, our disposition of issues two and four pretermits consideration of issues one

---

[3]For purposes of calculating the 180 day requirement of section 21.202, we presume that Wortham's complaint signed April 17, 1997 was mailed to the Commission on the date it was signed.

and three.[4]  These issues present nothing for review.

Accordingly, that portion of the trial court's order of September 7, 2001, dismissing with prejudice Wortham's claims of unlawful employment practices occurring after October 20, 1996,[5] is reversed and the cause is remanded to the trial court for further proceedings; in all other respects the order of September 7, 2001 is affirmed.

Don H.  Reavis
Justice

Do not publish.

---

[4]BISD's motion to dismiss did not reference Rule 166a of the Texas Rules of Civil Procedure or state the specific grounds for a motion for summary judgment.

[5]Positions at Fehl Elementary School, Pietzch-MacArthur Elementary School and Vincent Middle School if applications denied after October 20, 1996.